## ESTATE OF P. D. BECKWITH, INC. *v.* COMMISSIONER OF PATENTS.

### CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 178. Argued January 23, 1920.—Decided April 19, 1920.

The Trade-Mark Registration Act declares (§ 5) that no mark by which the goods of the owner may be distinguished from other goods of the same class shall be refused registration on account of the nature of such mark, with certain exceptions, and with the proviso that no mark shall be registered which consists merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods. *Held*, that a mark consisting of a fanciful design in combination with certain words forming part of it was not debarred from registration by reason of the fact that some of the words—"Moistair Heating System"— were descriptive; that to require the deletion of such descriptive words because of their descriptive quality as a condition to registration of the mark, was erroneous; and that the act would be fully complied with if registration were permitted with an appropriate declaration on the part of the applicant disclaiming any right to the exclusive use of the descriptive words except in the setting and relation in which they appeared in the drawing, description and samples filed with the application. P. 543.

While there is no specific provision for disclaimers in the statute, the practice of using them is approved. P. 545.

The statute should be construed liberally, in fulfillment of its purpose, to promote the domestic and foreign trade of the country.  P. 545.

48 App. D. C. 110, reversed.

THE case is stated in the opinion.

*Mr. Harry C. Howard* for petitioner.

*Mr. Assistant Attorney General Davis,* for respondent, submitted.  *Mr. Edward G. Curtis,* Special Assistant to the Attorney General, was on the brief.

MR. JUSTICE CLARKE delivered the opinion of the court.

The petitioner, a corporation, filed an application in the Patent Office for the registration of a trade-mark, which is described as follows:

"A design like a seal, comprising the head of an Indian chief surmounting a scroll bearing his name, 'Doe-Wah-Jack,' and surrounded by a circle, outside of which appear the words 'Round Oak' and 'Moistair Heating System' in a circle, and the whole being surrounded by a wreath of oak leaves."

It will be useful to reproduce the drawing filed with this application:

It was averred that the petitioner had used the mark for more than eighteen months before the application

was made by applying it to "Hot air and combined hot air and hot water heaters and furnaces . . . by having the same cast into the metal of which the systems are constructed."

The Commissioner found that the mark did not conflict with any other that was registered, and that the petitioner was entitled to the exclusive use of it excepting the words "Moistair Heating System." It was ordered that the mark might be registered if the excepted words, objectionable because descriptive, were "erased" or "removed" from it, but that the filing of a disclaimer would not suffice to secure registration.

Not satisfied with this result, the petitioner appealed to the Court of Appeals of the District of Columbia, and its judgment affirming the decision of the Commissioner of Patents is before us for review.

The ground of both decisions is that the words "Moistair Heating System" are merely descriptive of a claimed merit of the petitioner's system—that in the process of heating, moisture, is added to the air—and that one person may not lawfully monopolize the use of words in general use which might be used with equal truthfulness to describe another system of heating. For this reason it was held that the case falls within the proviso of the Registration Act of 1905, declaring that no mark consisting merely in words or devices which are descriptive of the goods with which they are used or of the character or quality of such goods shall be registered under the terms of the act. (Act of February 20, 1905, c. 592, § 5, 33 Stat. 725, amended January 8, 1913, c. 7, 37 Stat. 649.)

No question of patent right or of unfair competition, or that the design of the trade-mark is so simple as to be a mere device or contrivance to evade the law and secure the registration of non-registrable words, is involved. *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works,* 46 App. D. C. 64, 69.

This statement makes it apparent that the question presented for decision is: Whether the applicant may lawfully register the words "Moistair Heating System" when combined with the words "Round Oak," as a part of its purely fanciful and arbitrary trade-mark design, as shown in the drawing filed, and when claim to exclusive use of the words apart from the mark shown in the drawing is disclaimed on the record?

An account of the process of decision, in the Patent Office and in the Court of Appeals, by which the result in this case was arrived at, as it appears in the brief of the Commissioner of Patents, is suggestive and useful. From this we learn that when a mark has been presented for registration consisting merely (only) of descriptive words or devices, registration has been uniformly refused. When "composite" marks—such as contain both registrable and non-registrable matter—have been presented for registry with features in them which conflicted with earlier marks, registered by other than the applicant, the complete rejection, "eradication," of the conflicting portions has been uniformly required before registry was allowed. But where there was no such conflict, and the only objection was that descriptive words were used, the practice of the Patent Office prior to the decision, in 1909, of *Johnson* v. *Brandau*, 32 App. D. C. 348, was to permit the registration of marks containing such words, where they were associated with registrable words or were a part of an arbitrary or fanciful design or device, it being considered not necessary to delete the descriptive matter, even when it was an essential part of the composite trademark as it had been used by the applicant, provided it was clearly not susceptible of exclusive appropriation under the general rules of law. After the decision of *Johnson* v. *Brandau*, 32 App. D. C. 348, a practice grew up in the Patent Office, not provided for in the statute, of allowing an applicant to disclaim objectionable de-

scriptive words in cases where to require their actual removal would result in so changing the mark that it would not readily be recognized as that shown in the drawing or specimen filed with the application. The customary form of such disclaimer was a statement filed that no claim was made to the designated words, as for example, "Moistair Heating System," apart from the mark shown in the drawing—this was interpreted as meaning that only when taken in connection with the remaining features of the mark did the applicant make claim to their exclusive use. *Ex parte Illinois Seed Co.*, 219 O. G. 931.

Such disclaimer became a part of the applicant's statement in the record and necessarily formed a part of the certificate of registration as it would appear in the copies of it furnished to the applicant and the public, pursuant to § 11 of the act.

Then came the decisions in *Fishbeck Soap Co.* v. *Kleeno Manufacturing Co.*, 44 App. D. C. 6, and *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works*, 46 App. D. C. 64, which, says the Commissioner of Patents, were understood as disapproving the practice of disclaimer, and since they were rendered, registration of merely descriptive matter has not been allowed in any form, but its actual deletion from the trade-mark drawing has been required,—with, however, an apparent exception in the case of *Rhynsburger*, 8 T. M. Rep. 467; 128 MS. Dec. 141. The judgment we are considering requiring, as it does, the "elimination" of the descriptive words, shows that the Commissioner correctly interpreted these two decisions of the Court of Appeals.

It is apparent from this rehearsal that the Commissioner of Patents has promptly and cordially accepted for his guidance the decisions of the Court of Appeals and, although he avoids a controversial attitude in his brief and gives a colorless history of the practice of his office,

still it is manifest that, in this case and in others, the court has very radically changed that practice with respect to permitting registry of composite trade-marks and that its decisions have turned upon the construction of the second proviso, referred to, in the fifth section of the Registration Act, which is made the basis of the judgment we are reviewing.

The Registration Act of 1905 (33 Stat. 724), amended in 1906 (34 Stat. 168) and in 1909 (35 Stat. 627) and in 1913 (37 Stat. 649), without changing the substantive law of trade-marks, provided, in the manner prescribed, for the registration of marks, (subject to special exceptions) which, without the statute, would be entitled to legal and equitable protection, and the case before us calls chiefly for the construction of the provisions of § 5 of that act, which, so far as here involved, are as follows:

"That no *mark* by which the goods of the owner of the mark may be distinguished from other goods of the same class *shall be refused registration* as a trade-mark on account of the nature of such mark unless, etc.  .  .  .

"*Provided*, That *no mark which consists* . . . merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods . . . *shall be registered* under the terms of this Act."

It was settled long prior to the Trade-Mark Registration Act that the law would not secure to any person the exclusive use of a trade-mark consisting merely of words descriptive of the qualities, ingredients or characteristics of an article of trade. This for the reason that the function of a trade-mark is to point distinctively, either by its own meaning or by association, to the origin or ownership of the wares to which it is applied, and words merely descriptive of qualities, ingredients or characteristics, when used alone, do not do this. Other like goods, equal to them in all respects, may be manufactured or

dealt in by others, who, with equal truth, may use, and must be left free to use, the same language of description in placing their goods before the public. *Canal Co.* v. *Clark*, 13 Wall. 311, 322, 323, 324; *Manufacturing Co.* v. *Trainer*, 101 U. S. 51, 54; *Manhattan Medicine Co.* v. *Wood*, 108 U. S. 218, 222; *Goodyear's India Rubber Glove Mfg. Co.* v. *Goodyear Rubber Co.*, 128 U. S. 598; *Lawrence Mfg. Co.* v. *Tennessee Mfg. Co.*, 138 U. S. 537, 547; *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540; *Elgin National Watch Co.* v. *Illinois Watch Case Co.*, 179 U. S. 665; *Standard Paint Co.* v. *Trinidad Asphalt Mfg. Co.*, 220 U. S. 446.

Thus the proviso quoted, being simply an expression in statutory form of the prior general rule of law that words merely descriptive are not a proper subject for exclusive trade-mark appropriation, if the application in this case had been to register only the words "Moistair Heating System" plainly it would have fallen within the terms of the prohibition, for they are merely descriptive of a claimed property or quality of the petitioner's heating system,—that by it moisture is imparted to the air in the process of heating. But the application was not to register these descriptive words "merely," alone and apart from the mark shown in the drawing, but in a described manner of association with other words, "Round Oak," which are not descriptive of any quality of applicant's heating system, and as a definitely positioned part of an entirely fanciful and arbitrary design or seal, to which the Commissioner found the applicant had the exclusive right.

Since the proviso prohibits the registration not of merely descriptive words but of a trade-mark "which consists . . . merely" (only) of such words—the distinction is substantial and plain—we think it sufficiently clear that such a composite mark as we have here does not fall within its terms. In this connection it must be noted that the requirement of the statute that

no trade-mark shall be refused registration, except in designated cases, is just as imperative as the prohibition of the proviso against registration in cases specified.

While there is no specific provision for disclaimers in the trade-mark statute, the practice of using them is commended to our judgment by the statement of the Commissioner of Patents that, so far as known, no harm came to the public from the practice of distinguishing, without deleting, non-registrable matter in the drawing of the mark as registered, when a statement, forming a part of the record, was required that the applicant was not making claim to an exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description.

It seems obvious that no one could be deceived as to the scope of such a mark, and that the registrant would be precluded by his disclaimer from setting up in the future any exclusive right to the disclaimed part of it. It seems obvious also that to require the deletion of descriptive words must result often in so changing the trade-mark sought to be registered from the form in which it had been used in actual trade that it would not be recognized as the same mark as that shown in the drawing, which the statute requires to be filed with the application, or in the specimens produced as actually used, and therefore registration would lose much, if not all, of its value. The required omission might so change the mark that in an infringement suit it could be successfully urged that the registered mark had not been used,—and user is the foundation of registry (§ 2). Of this last the case before us furnishes an excellent example. To strike out "Moistair Heating System" from the applicant's trade-mark would so change its appearance that its value must be largely lost as designating to prior purchasers or users the origin of the heating system to which it was applied.

The commercial impression of a trade-mark is derived

from it as a whole, not from its elements separated and considered in detail. For this reason it should be considered in its entirety (*Johnson v. Brandau, supra*) and to strike out any considerable part of it, certainly any conspicuous part of it, would be to greatly affect its value. Of course, refusal to register a mark does not prevent a former user from continuing its use, but it deprives him of the benefits of the statute, and this should not be done if it can be avoided by fair, even liberal, construction of the act, designed as it is to promote the domestic and foreign trade of our country.

Thus the case comes to this: That the Commissioner found that the trade-mark presented for registration did not conflict with any theretofore registered and there is no suggestion of unfair practice in the past or contemplated in the future; that it had been used for eighteen months in the form proposed for registry; that the words ordered to be stricken out from the drawing are descriptive but the mark does not consist "merely" in such words, but is a composite of them with others, and with an arbitrary design which, without these words, both the Commissioner and the court found to be registrable; that the language of the statute that no mark not within its prohibitions or provisos shall be denied registration is just as imperative as the prohibitory words of the proviso; and, very certainly, that a disclaimer on the part of applicant that no claim is made to the use of the words "Moistair Heating System" apart from the mark as shown in the drawing and as described, would preserve to all others the right to use these words in the future to truthfully describe a like property or result of another system, provided only that they be not used in a trademark which so nearly resembles that of the petitioner "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers" when applied "to merchandise of the same descriptive properties" (§ 5).

Such being the ultimate facts of this controversy, we cannot doubt that the Court of Appeals fell into error in ruling that the words "Moistair Heating System" must be "eliminated" from the trade-mark of the applicant as it had been theretofore used, and that the requirement of the act of Congress for the registration of trade-marks would be fully complied with if registration of it were permitted with an appropriate declaration on the part of the applicant that no claim is made to the right to the exclusive use of the descriptive words except in the setting and relation in which they appear in the drawing, description and samples of the trade-mark filed with the application.

It results that the judgment of the Court of Appeals must be

*Reversed.*

MR. JUSTICE McREYNOLDS dissents.