### No. 279
### EDLIS CO. v. SPERO

Ohio Appeals, 7th Dist., Mahoning County
Decided Jan. 2, 1924

118L. TRADE & TRADE NAMES & MARKS—The words "Hair Trainer" held to be merely descriptive and not such as may be subject to exclusive appropriation under the Trade Mark Registration Act.

BY THE COURT.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Mahoning Common Pleas, wherein The Edlis Barbers' Supply Co., plaintiff, sought to enjoin defendant, Harry Spero, doing business as Silver Bell Chemical Co., and the Youngstown Barbers' Supply Co. from the manufacture and sale of a toilet preparation which was alleged to be similar to one manufactured and sold by plaintiff and upon which, it was said, a similar label was used in violation of plaintiff's rights.

Plaintiff used a trade mark, "Hair Trainer," as a label for a liquid cream for holding the hair in position, and had it duly registered in the United States Patent Office. Defendant, Spero, put on the market a similar preparation and on the label of the bottle were the words "Hair Trainer" and also the words "Marve'ous Luster Sheen." Defendants contended that plaintiff was not entitled to protection because of 9490 U. S. Statutes, which provided that no mark merely in words which are descriptive of the goods should be registered under the Act. In the Common Pleas a finding and judgment were had for defendants. The Edlis Co. perfected an appeal. Held:

The Trademark Registration Act does not secure to any person the exclusive use of a trademark consisting merely of words descriptive of the qualities of an article of trade. Other like goods may be manufactured or dealt in by others, who may use the same language of description in placing their goods before the public. 252 U. S. 543, 544. Plaintiff admitted that the name of its product is merely descriptive, and a number of witnesses testified that there are numerous simi'ar products on the market. If plaintiff's trademark were an arbitrary or fanciful use of words, then plaintiff would be entitled to

relief, or if used in connection with some particular thing non-descriptive in character. The words "Hair Trainer" do not indicate ownership either in their own meaning or by association, therefore they are not subject to exclusive appropriation.

Judgment for defendants.

Attorneys—H. T. Rapport and Wilson, Hahn, Henderson & Wilson, for the Edlis Co.; Shelley M. Strain, for defendants, all of Youngstown.