## HORLICK'S MALTED MILK CO. v. BORDEN CO.

(Court of Appeals of District of Columbia. Submitted November 13, 1923. Decided January 7, 1924.)

No. 1581.

1. **Trade-marks and trade-names and unfair competition ⬤⟿3(4)—Letters "M. M.," on mark for malted milk, held descriptive.**

    Where all the words of a mark on malted milk were descriptive, the letters "M. M." thereon were also descriptive, as they clearly stand for malted milk.

2. **Trade-marks and trade-names and unfair competition ⬤⟿3(4)—Letters "M. M." held insufficient, where all of the words were descriptive.**

    Where all the words of a mark for malted milk were descriptive, even if the letters "M. M." thereon were not descriptive, and are regarded as

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

arbitrary signs, they were not sufficient to support registration, as the nondescriptive part must be substantial.

Appeal from the Commissioner of Patents.

Application by the Borden Company for the cancellation of a trademark, opposed by Horlick's Malted Milk Company. From a decision canceling the mark, opposer appeals. Affirmed.

Edward S. Rogers, of Chicago, Ill., for appellant.

Walter D. Edmonds, of New York City, for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. The Commissioner of Patents in 1887 registered for Horlick's Food Company, predecessor of the appellant, the following trade-mark:

It is said in the statement filed by the company that the mark consists of a representation of the letters "M. M." and the words "Malted Milk"; that these have generally been arranged as shown in the accompanying fac simile, in which the letters "M. M." are represented in the color of the paper on a blue background having the form of a seal; that above the letters "M. M.," and arranged in a curved form, are the words "Malted Milk" in plain capital letters on a blue background, and below are the words "For Infants, Invalids, the Aged and Travelers," in plain type, inclosed by a double border; but that these words may be omitted and the various accessories of printing may be varied at pleasure without materially changing the character of the trade-mark, the essential features of which are the words "Malted Milk" and the letters "M. M."

[1] Upon the expiration of the registration the appellant renewed it. Application for cancellation of the mark was made by the Borden Company on the ground that the words "Malted Milk" were descriptive, that because of this the appellant had no right to their exclusive use, that it (the Borden Company) was using the same words on malted milk put out by it, and that it would be damaged unless the mark was canceled. The Horlick Company disclaimed the exclusive right to the words "Malted Milk." No testimony was taken. The Examiner of Interferences dismissed the application for cancellation, but was reversed by the Assistant Commissioner, who said that the mark was composed of descriptive words, and that the disclaimer, having been filed after registration, was ineffective.

The decision of the Supreme Court in Beckwith's Estate v. Commissioner of Patents, 252 U. S. 538, 40 Sup. Ct. 414, 64 L. Ed. 705,

throws light upon the question before us. According to it the fact that a mark contains descriptive words is not enough to warrant a refusal to register it. Unless it consists only of such words, it may not be refused a place on the registry of the Patent Office. 252 U. S. 544. In that case the mark contained words which were, and words which were not, descriptive, arranged in a circle and surrounded by a wreath of oak leaves. The court said it was a composite mark, and, since it did not consist of descriptive words merely, it was registrable.

If the registrant in the case before us committed itself to the outline of the mark and the arrangement of the words therein, as shown in the foregoing specimen, we would have a different proposition to deal with, but it did not. In the statement filed by it in the Patent Office it said that, while the words and other parts comprising the mark are generally arranged as shown in the accompanying fac simile and so forth, certain words may be omitted and the various accessories of printing may be varied at pleasure without materially altering the character of the mark. Consequently, the owner may arrange the words and other parts as it pleases, and print them in any size or color it may think proper. It is not bound by the arrangement shown in the specimen. In other words, its mark is not necessarily a composite one.

[2] Appellant admits that all the words used are descriptive, but claims that the mark is saved by use of the letters "M. M." We do not think so. Clearly, the letters "M. M." stand for "Malted Milk," and therefore are descriptive of the product to which they are attached. But, even if we were not permitted to so interpret them, but were required to regard them as arbitrary signs, still we would hold that they were not sufficient to save the mark from condemnation. If they were, then a party could make up his mark of descriptive words, with the exception of some negligible sign or character, which would not be descriptive, and thus evade the law. This is not permissible. Nairn Linoleum Co. v. Ringwalt Linoleum Works, 46 App. D. C. 64; E. McIlhenny's Son v. B. F. Trappey & Sons, 51 App. D. C. 273, 278 Fed. 582. The nondescriptive part must be a substantial thing, else it will not save the mark.

For these reasons, the decision of the Patent Office, canceling appellant's mark, is sustained.

Affirmed.