**PITTSBURGH BREWING CO. et al. v. RUBEN.**

(Court of Appeals of District of Columbia. Submitted November 10, 1924. Decided January 5, 1925.)

No. 1665.

**1. Trade-marks and trade-names and unfair competition ⬅️43—Word "Tech" subject to registration as trade-mark for tobacco, notwithstanding opposition of manufacturer of soft drinks.**

The word "Tech," printed in white script letters across plaid background, held subject to registration as trade-mark for tobacco, notwithstanding opposition of manufacturer of soft drinks; soft drinks and tobacco products not being goods of same descriptive properties.

**2. Trade-marks and trade-names and unfair competition ⬅️59(1)—Use of word "Tech," printed in white script letters across plaid background, not appropriation of name of "Tech Food Products Company."**

Use of word "Tech," printed in white script letters across plaid background, as trade-mark for tobacco products, held not an appropriation of corporate name of "Tech Food Products Company"; the trade-mark consisting not merely of the name "Tech," but of such name together with plaid design on which it is printed.

**3. Trade-marks and trade-names and unfair competition ⬅️43—Trade-mark "Tech," printed in white script letters across plaid background, held in compliance with statute prohibiting use of name not written, printed, impressed, or woven in particular or distinctive manner.**

Trade-mark "Tech," printed in white script letters across plaid background, held not violative of Trade-Mark Act, § 5 (Comp. St. § 9490), providing that no mark shall be registered, which consists merely in the name of individual, firm, corporation, or association, not written, printed, impressed, or woven in particular or distinctive manner; the plaid background being a bona fide and substantial part of the mark, and not a mere device or contrivance to evade the law.

Appeal from Commissioner of Patents.

Application by Abraham Ruben for registration of trade-mark, opposed by the Pittsburgh Brewing Company and another. From a decision granting the application, and dismissing opposition, opposers appeal. Affirmed.

C. R. Allen, of Washington, D. C., for appellants.

E. C. Brown, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Interferences, whereby an application of the appellee for the registration of a trade-mark was granted, and the opposition of the appellants was dismissed.

The mark sought to be registered comprises the word "Tech," printed in white script letters across a plaid background, as a trade-mark in the sale of tobacco in various forms, particularly stogies. The opposition was filed jointly by the Pittsburgh Brewing Company and the Tech Food Products Company, two corporations, although the former is the real party in interest, since the latter is a subsidiary whose entire stock is held by the former company.

The opposition on behalf of the Pittsburgh Brewing Company was based upon the claim that in the year 1906 it had adopted a similar mark, including both the name "Tech" and the plaid background, as its trade-mark in the sale of beer, and that since the enactment of the National Prohibition

Act the company had continued the use of the same mark for nonintoxicating malt beverages and carbonated soft drinks. The marks were registered in the latter trade in the years 1919 and 1920, and since then have been continuously used and widely advertised in the sale of the said articles. It is conceded that the company has never dealt in tobacco products of any kind, but it is urged that soft drinks are generally, if not invariably, sold at retail by the same vendors and at the same stands as tobacco products, and that it should be regarded as no more than a reasonable and likely expansion of the brewing company's present business for it to engage also in the sale of tobacco products in the future. The company therefore claimed that the trademark applied for by the appellee for tobacco products would be an invasion of its rights, and result in great injury to it.

[1] This contention was overruled by the Examiner upon the ground that tobacco products are not goods of the same descriptive properties as soft drinks, citing Johnson Educator Food Co. v. Sylvanus Smith & Co., Inc., 37 App. D. C. 107; Hump Hairpin Co. v. De Long Hook & Eye Co., 39 App. D. C. 484; G. & J. Tire Co. v. G. J. G. Motor Car Co., 39 App. D. C. 508; Quaker Oats Co. v. Mother's Macaroni Co., 41 App. D. C. 254; Peter Schoenhofen Brewing Co. v. John Sexton & Co., 41 App. D. C. 510; Rookwood Pottery Co. v. A. Wilhelm Co., 43 App. D. C. 1; Denver Gas & Electric Light Co. v. Alexander Lumber Co., 50 App. D. C. 207, 269 F. 859; Vacuum Oil Co. v. Gargoyle Textile Corporation, 52 App. D. C. 268, 285 F. 1002. This conclusion of the Examiner was approved and affirmed by the Commissioner, and we likewise affirm it upon the authorities cited.

It is true that soft drinks and stogies are frequently kept on sale at the same stands, but this fact does not go far towards determining the "descriptive properties" of the goods, for it is well known that most retail stores deal in a variety of articles of diverse character, and when soft drinks and stogies are considered with reference to their component materials, processes of manufacture, and manner of consumption, it becomes evident that they are not goods of the same descriptive properties, and they are not so regarded in common understanding. Moreover, it is safe to assume that soft drinks and tobacco products are not often, if ever, made or marketed by the same manufacturer. Consequently there is little likelihood in the present instance that a similarity of

names will lead purchasers to believe that the articles have a common origin. Nor do we think that the present issue should be controlled by the fact that the brewing company may possibly manufacture and sell tobacco products in the future. Borden Ice Cream Co. v. Borden's Condensed Milk Co., 201 F. 510, 121 C. C. A. 200; Nulyne Laboratories v. Electro Alkaline Co., 52 App. D. C. 265, 285 F. 999. The principle in question is well expressed in the syllabus of the latter case as follows:

"The prior owner of a trade-mark, who had used it only in connection with the manufacture of an antiseptic compound, cannot, after a later owner has adopted and used the same trade-mark for a tooth paste, which is an article of different descriptive properties, appropriate the business and good will of the later owner by commencing to manufacture a tooth paste under the trade-mark, which it had no intention of doing when the later owner entered the field."

[2] The opposition in behalf of the Tech Food Products Company is based upon the claim that the word "Tech," which the proposed mark of the applicant includes, is the dominant word in its corporate name; that it is engaged in the manufacture and sale of ice cream, and is chartered to carry on the preparation, sale, and distribution of various foodstuffs and merchandise, including tobacco and cigars, although it has never actually dealt in tobacco or any of its products. It has registered a trade-mark for the sale of its goods, consisting of the name Tech, and has used a conventional Scotch plaid design upon cartons in which its goods are sold. It claims to have widely advertised its commodities in the trade, in the same territory in which the goods of the appellee are on sale. It therefore alleges that the registration of the trade-mark applied for by the appellee would be an appropriation of its corporate name in violation of the act, and would result in confusion, deception, and great injury to its business.

These contentions were overruled by the Commissioner, who held, first, that the article actually dealt in by the opposer under its mark, to wit, ice cream, does not possess the same descriptive properties as do tobacco products; and, next, that the mark which the applicant seeks to have registered does not consist of the name "Tech" merely, but of that name together with the plaid design upon which it is printed or otherwise impressed, and therefore does not violate

the terms of the statute in that behalf. Upon the latter subject the Commissioner spoke as follows, the allusions in his statement referring to the Carnegie Institute of Technology, to wit:

"I am unable to hold that the mark is no more than a material part of the corporate name. It is doubtful if most people would associate the word 'Tech' with the institution of learning in the absence of the significant background. This latter is very distinctive of the institute of learning and of its founder and lends material value to the mark. It is clearly an important part of the mark, a material part of the mark and the conclusion seems plainly warranted that the mark is not merely the name or a material part of it."

[3] We agree with the Commissioner that the mark which the applicant applies for does not fall within the prohibitions of section 5 of the Trade-Mark Act (Comp. St. § 9490), to wit, that no mark shall be registered which "consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner," since the plaid background upon which the name appears is a bona fide and substantial part of the mark, and is not "a mere device or contrivance to evade the law and secure the registration of nonregistrable words." Nairn Linoleum Co. v. Ringwalt Linoleum Works, 46 App. D. C. 64, 69; National Cigar Stands Co. v. Frishmuth Bro. & Co., Inc., 54 App. D. C. 275, 297 F. 348; Beckwith v. Commissioner, 252 U. S. 538, 40 S. Ct. 414, 64 L. Ed. 705. The latter consideration serves to distinguish this case from that of Eversharp Pencil Co. v. American Safety Razor Corporation, 54 App. D. C. 315.

The opposition, therefore, of the Tech Food Products Company, like that of the Pittsburgh Brewing Company, was rightly dismissed, and the decision of the Commissioner is accordingly affirmed.