## SCHLESINGER v. OPPENHEIM CIGAR CO.

(Circuit Court of Appeals, Fifth Circuit
February 8, 1926.)

No. 4654.

**Trade-marks and trade-names and unfair competition ⊜⇒43—Word "Charlies," not used in particular manner or in association with portrait of individual, is not subject to registration (Trade-Mark Act Feb. 20, 1905, § 5, as amended by Act March 2, 1907, and Act Jan. 8, 1913 [Comp. St. § 9490]).**

Word or name "Charlies," applied to candies, is not subject to registration as trade-mark when not sought under 10-year provision of Trade-Mark Act Feb. 20, 1905, § 5, as amended by Act March 2, 1907, and Act Jan. 8, 1913 (Comp. St. § 9490) unless used in particular manner or in association with portrait of individual, though word has customarily been used otherwise than as given name or surname of person.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Bill by Harry L. Schlesinger against the Oppenheim Cigar Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Harold Hirsch and A. A. Meyer, both of Atlanta, Ga., for appellant.

Albert E. Mayer, of Atlanta, Ga., and I. L. Fuller, of Peoria, Ill., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing the bill, filed by the appellant, and which complained of the alleged infringement of a claimed trade-mark, consisting of the word or name "Charlies," applied to candies and registered as a trade-mark in the United States Patent Office on December 19, 1916. The exercise of the court's jurisdiction was invoked, and relief was sought only on the ground that alleged conduct of the appellee constituted an infringement of the trade-mark claimed by appellant; diversity of citizenship not being alleged, and the right to maintain the suit because of unfair competition not being claimed.

The word or name "Charlies" is either the possessive or plural of a nickname or substitute for Charles, the given name or surname of an individual. We are of opinion that a mark consisting only of that word or name is not subject to registration as a trademark when, as in the instant case, registration was not sought under the 10-year provision of amended section 5 of the Trade-Mark Act of February 20, 1905. 33 Stat. 725; 34 Stat. 1251; 37 Stat. 649 (Comp. St. § 9490). That statute (section 5) provides "that no mark which consists merely in the name of an individual, * * * not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, * * * shall be registered under the terms of this act." This means that a name of an individual is not permitted to be registered as a trademark unless it is written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual. What is forbidden is the registration of a mark consisting merely (only) of the name of an individual. Beckwith v.

Commissioner of Patents, 40 S. Ct. 414, 252 U. S. 538, 64 L. Ed. 705.

The statute distinguishes between the use of a name, without regard to the manner of disclosing it, and the use of the same name when written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of an individual. The words "no mark which consists merely in the name of an individual" cannot properly be given the same meaning as would have been conveyed if, instead thereof, there had been used some such words as "no mark which consists of a word which is only the name of an individual," or "no mark consisting of a word which is used exclusively as the name of an individual." The language of the statute negatives the existence of an intention to permit the registration as a trade-mark of the name of an individual when not disclosed in some particular or distinctive manner, or in association with a portrait of an individual, if that name is also a word having another or other meanings, being used to designate a thing or things, as well as a person or persons.

It follows that it is not material that dictionaries show that the word "Charlie," in addition to being a nickname or substitute for Charles, has customarily been used otherwise than as the given name or surname of a person.

The decree is affirmed.