## In re CONTINENTAL OIL CO.
### Patent Appeal No. 3424.

Court of Customs and Patent Appeals.
Feb. 25, 1935.

Thos. E. Scofield, of Kansas City, Mo., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying registration of the words "Germ Processed" as a trade-mark for use on lubricating oils and greases.

The final decision of the Examiner of Trade-Marks was based upon the single ground of estoppel; that of the Commissioner of Patents, which is the decision we are called upon to review, was based upon both estoppel and descriptiveness of the mark.

The reasons for appeal assign error as to both grounds.

The application, which is for registration under the Trade-Mark Act of February 20, 1905, as amended (15 USCA § 81 et seq.), was filed June 4, 1932.

Appellant alleges adoption of the words as a trade-mark, and continuous use thereof "since October 15, 1929."

It appears that on January 5, 1931, appellant filed an application, serial No. 309,-606, for the registration of a composite mark bearing a triangle and bar with the word "Conoco" above the words "Germ Processed."

No part of the record in the application of January 5, 1931, is formally embraced in the record of the case here on appeal. Different decisions of the tribunals of the Patent Office in this case, however, recite a disclaimer in that case of the words "Germ Processed," and the statement of the examiner accompanying the appeal to the commissioner discloses that the disclaimer was couched in the following language: "No claim is made herein broadly to the words 'Germ Processed' apart from the other features of the mark illustrated, it being understood in this connection, however, that applicant does not waive any of its common law trade-mark rights in and to these words 'Germ Processed' by themselves."

The brief for appellant volunteers the statement that in the former case the Examiner of Trade-Marks considered the words "Germ Processed" descriptive. Hence, we assume that the disclaimer was there required as a condition precedent to the registration of the composite mark. The brief states that the specific disclaimer was made "in order to try the question of descriptiveness separately and to obtain the registration of the triangle and bar." Since the registration there sought was granted, we further assume that the disclaimer was regarded by the examiner as being sufficient under the rules and practices of the Patent Office applicable in such cases.

The case held to be controlling by the tribunals of the Patent Office is that of Warner-Patterson Co. v. Charles Y. Malcomb, 39 F.(2d) 274, 17 C. C. P. A. (Patents) 984, decided by this court April 10, 1930.

In that case a predecessor (Malcomb & Malcomb) of the party Malcomb had, under a requirement of the Patent Office, disclaimed "apart from the mark shown," the words "Liquid Solder" as a trade-mark for a radiator sealing compound. Subsequently, the Warner-Patterson Company filed an application for registration of the words, and while same was pending the party Malcomb also filed an application which contained the words.

The examiner having the latter application in charge, evidently being of the opinion that the words were not descriptive, declared an interference, and Malcomb having established prior adoption and use (through his predecessor) was awarded priority. Estoppel to register was pleaded against Malcomb by Warner-Patterson Company, because of the prior disclaimer of his predecessor. The commissioner held that he was not estopped, and this court reversed the commissioner's decision, expressly holding that Malcomb was estopped from registration and *exclusive* use, without passing upon his right to use generally without registration.

It will be manifest to those who examine our opinion in that case that we regarded the decision of the Supreme Court of the United States in the case of Beckwith's Estate v. Commissioner of Patents, 252 U. S. 538, 40 S. Ct. 414, 416, 64 L. Ed. 705, as determinative of the question.

The Beckwith Case, supra, was a proceeding in which Beckwith sought registration of a composite mark which contained words held by the Commissioner of Patents to be descriptive, and in which the commissioner ruled that such words must be "erased" or "removed" from the mark, not merely disclaimed. Upon appeal to the Court of Appeals of the District of Columbia, the decision of the commissioner was affirmed by that tribunal. In re Beckwith, 48 App. D. C. 110.

Certiorari was granted by the Supreme Court, and, upon consideration of the case, that tribunal, after reviewing the practice in the Patent Office over a period of years, concluded and held that Beckwith upon filing proper disclaimer as to the descriptive words was entitled to registration of the composite mark. In the course of its decision the Supreme Court, referring to the composite mark, said: "It seems obvious that no one could be deceived as to the scope of such a mark, and *that the registrant would be precluded by his disclaimer from setting up in the future any exclusive right to the disclaimed part of it. * * *".* (Italics ours.)

At another point the Supreme Court said: "Thus the case comes to this: * * * and, very certainly, that a disclaimer on the part of applicant that no claim is made to the use of the words 'Moistair Heating System' apart from the mark as shown in the drawing and as described, *would preserve to all others the right to use* these words in the future to truthfully describe a like property or result of another system, provided only that they be not used in a trade-mark which so nearly resembles that of the petitioner 'as to be likely to cause confusion [or mistake] in the mind of the public or to deceive purchasers' when applied 'to merchandise of the same descriptive properties.' " (Italics ours.)

It will be noted that the appellant in the instant case, in the disclaimer, supra, upon which the registration there obtained was dependent so far as the Patent Office tribunals were concerned, first made disclaimer in conventional phraseology, but added thereto a declaration to the effect that it was waiving none of its common-law trade-mark rights.

By reason of this added declaration appellant now insists that there was no waiver of its claim to the right of registration of the words "Germ Processed" by themselves.

We do not so construe the declaration. It seems to us that the clause of the disclaimer, reading, "it being understood in this connection, however, that applicant does not waive any of its common law trade-mark rights in and to these words 'Germ Processed' by themselves," was surplusage in so far as the question of *registration* was concerned, and that they may not properly be construed as the reservation of a right to register them "by themselves."

Two courses were open to appellant in the prior registration proceeding, first, it might have appealed and secured a judicial determination as to the descriptiveness of the words banned by the tribunals of the Patent Office, or it might have erased, or removed, the words from its composite

mark and applied for their registration in a separate application.

Not having taken either of these courses, but having chosen to retain the words as a part of the mark, with the recited disclaimer, we think that, under the doctrine of the Beckwith Case, supra, appellant is now precluded from setting up any exclusive right to the disclaimed part of its registered mark.

Under our view upon the question of estoppel, there is no necessity to discuss the question of descriptiveness.

The decision of the Commissioner of Patents is affirmed.

Affirmed.