22 C. C. P. A. (Patents)

**WARNER–PATTERSON CO. v. MALCOMB.**
Patent Appeal No. 3465.

Court of Customs and Patent Appeals.
June 12, 1935.

See, also, 39 F.(2d) 274.

George E. Tew, of Washington, D. C., and Lincoln B. Smith, of Chicago, Ill., for appellant.

Albert L. Ely and E. M. Green, both of Akron, Ohio, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing appellee's application for the cancellation of appellant's registration No. 198,902, issued May 26, 1925, on an application filed December 24, 1923, for the trade-mark "Liquid Solder," for use on sealing material "for stopping leaks in liquid containers and conduits."

In its application, appellant stated that it had used the mark since March, 1922.

It is conceded that the marks of the parties are practically identical, and that the goods are of the same descriptive properties.

On April 26, 1920, Malcomb & Malcomb, of Ashland, Ohio, appellee's predecessors in business, applied for registration of a composite mark consisting of the representation of the front end of an automobile radiator having on the face thereof a triangle crossed by a bar and having thereon the words "Cy's Liquid Solder," use of the mark being alleged "since January 12, 1920." The Examiner refused registration on the ground of descriptiveness of the words "Liquid Solder." Malcomb & Malcomb took no appeal, but disclaimed those words apart from the mark as shown, and registration No. 143,393 was granted on May 31, 1921.

The application of appellant, Warner-Patterson Company, of Chicago, Ill., was tentatively rejected upon the ground of descriptiveness. Upon reconsideration, however, the Examiner became convinced that the words were not descriptive of the goods to which applied, and registration was granted, registration No. 198,902.

On January 4, 1926, appellee, Charles Y. Malcomb, filed an application for registration of the words "Cy's Liquid Solder."

An interference was declared between appellee's application and the registration to Warner-Patterson Company, the immediate question involved being that of priority. In the progress of the case, Warner-Patterson Company pleaded that Malcomb was estopped from *registering the mark* by reason of the disclaimer in the proceeding above recited. The Examiner of Trade-Mark Interferences and the Commissioner of Patents overruled the plea of estoppel, and concurred in holding that as Malcomb was the first to use the words "Liquid Solder" in a

mark, he was entitled to have his mark registered.

Basing our decision largely upon the decision in the case of Estate of P. D. Beckwith, Inc., v. Commissioner of Patents, 252 U. S. 538, 40 S. Ct. 414, 64 L. Ed. 705, we reversed the decision of the Commissioner solely upon the ground that, by reason of the disclaimer, Malcomb was estopped from registering the mark. Warner-Patterson Co. v. Charles Y. Malcomb, 39 F.(2d) 274, 17 C. C. P. A. (Patents) 984.

Thereafter, Malcomb instituted cancellation proceedings. Apparently, three different petitions for cancellation, all filed by Malcomb, have been before the Patent Office, to wit, No. 2149, filed June 21, 1930, No. 2365, filed October 2, 1931, and No. 2465, filed July 16, 1932.

In its answer to petition No. 2465, Warner-Patterson Company gave notice that it would rely upon the records in the other cases. The only parts of those records included in the transcript before us, however, are the respective petitions and answers.

The testimony in the record of the interference proceeding was introduced into the record in the instant case, upon notice of the party Malcomb, and is relied upon by both parties. It was supplemented by certain testimony taken on behalf of Malcomb in November, 1932, which showed continuous use by him of his mark, including the words in controversy, up to that time.

The Examiner of Interferences was of opinion, for reasons stated at length by him in two decisions, a supplemental decision having been written in denying the petition for rehearing, that injury to Malcomb, within the meaning of section 13 of the Trade-Mark Registration Act of February 20, 1905 (15 USCA § 93), had "not been made to appear," but he expressly held the doctrine of res judicata, pleaded by appellant, upon the basis of our decision in the Warner-Patterson Co. Case, supra, to be not applicable.

The Commissioner of Patents concurred as to the nonapplicability of the doctrine of res judicata, but disagreed upon the question of injury, and having found that Malcomb was first to adopt and use the mark, and that he had continuously used it, reversed the decision of the Examiner of Interferences, relying principally upon this court's decision in the case of Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F.(2d) 1068, 18 C. C. P. A. (Patents) 1507.

In his decision, the Commissioner, among other things, said:

"That the marks are confusingly similar and that the petitioner was first to adopt and use and has continued to use its mark are hardly open to dispute; also it is evident enough that the petitioner has shown probable damage because the respondent has notified the petitioner that the latter is infringing the respondent's trade-mark. Under these circumstances it does not appear material whether the examiner was right in holding the words 'Liquid Solder' descriptive, or was right in holding they were not descriptive when he granted the respondent's registration.

"The circumstances in the case at bar are not materially different from those present in the case of Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F.(2d) 1068, 18 C. C. P. A. (Patents) 1507, 410 O. G. 541, decided by this same court. In view of that decision and the reasoning therein followed, the decision of the examiner of interferences is reversed, the petition for cancellation is sustained, and it is adjudged registration No. 198,902 should be canceled."

We deem it unnecessary to quote extensively from our decision in the case of Warner-Patterson Co. v. Charles Y. Malcomb, supra. It may be observed, however, that we expressly stated in that decision that the question of Warner-Patterson Company's good faith was not involved, and that the question of the right of the party Charles Y. Malcomb to use the words "Liquid Solder" on his goods was not before us for determination. We confined our decision to the proposition that "he [Malcomb] is estopped from claiming, by priority, *their exclusive use,* and that for that reason his application should be rejected." (Italics ours.)

Although in the case at bar the parties and the trade-marks are the same as those involved in that case, an entirely different cause of action is presented by the petition for the cancella-

tion of appellant's trade-mark. Accordingly, the doctrine of res judicata has no application. See Williams Oil-O-Matic Heating Corporation v. Butler Co., 39 F.(2d) 693, 17 C. C. P. A. (Patents) 934, and American Fruit Growers, Inc., v. John Braadland, Ltd., 45 F.(2d) 443, 18 C. C. P. A. (Patents) 790.

It clearly appears from the record that appellee was the prior user of the words "Liquid Solder"; that the goods of the parties possess the same descriptive properties; and that the dominant feature of the respective marks is the words "Liquid Solder."

We are of opinion, therefore, that, although appellee in his application for registration of his composite mark disclaimed the words "Liquid Solder" apart from the mark as shown, he is entitled to the use of those words, and that, although he is not entitled to their exclusive use, for the reasons stated in the case of Warner-Patterson Co. v. Charles Y. Malcomb, supra, his rights are such as to prevent the appropriation and exclusive use of them by appellant. See Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., supra. It is clear, therefore, that appellant was not entitled to the exclusive use of its mark at the time of its registration; that appellee was damaged by such registration; and that it should be canceled.

We are in entire accord with the conclusion reached by the Commissioner of Patents, and his decision is affirmed.