26 C.C.P.A. (Patents)

## DE WAIDE v. DUNNELL.

### Patent Appeal No. 4067.

Court of Customs and Patent Appeals.

Feb. 27, 1939.

Theodore J. Geisler, of Portland, Or., for appellant.

Arthur J. Farnsworth, of Los Angeles, Cal., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from a decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences which held appellant's trade-mark "Slip-Away" in association with other disclaimed words, registered April 2, 1929, under the trade-mark act of 1905, 15 U.S.C.A. § 81 et seq., to be merely descriptive of the function performed by appellant's goods and recommended cancellation of the said registration.

The issue and the description and function of the goods of both parties were succinctly set out by the Examiner of Interferences as follows:

"In the registration involved herein and sought to be cancelled is disclosed the notation 'Slip Away' for use in connection with paper sanitary toilet seat covers.

"In the petition for cancellation the allegations of fact relate to and seek to draw in only the descriptiveness clause of Section 5, and the petitioner relies upon its use of the notation 'Slide Away'.

The goods to which these notations are affixed by both parties have the same purchasing appeal. These goods constitute a sanitary toilet seat cover having a body portion adapted to rest upon the seat proper and an integral member or 'carry off' section arranged to extend into the toilet bowl, so arranged that when the latter is flushed the drag of the water on the carry off section will pull the seat cover off the toilet seat and dispose of the same."

The pertinent portion of section 5 of the 1905 trade-mark act, 15 U.S.C.A. § 85, reads: "Provided, That no mark which consists merely * * * in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, * * *, shall be registered under the terms of this Act [this subdivision of this chapter]: * * *."

In Beckwith's Estate v. Commissioner of Patents, 252 U.S. 538, 543, 40 S.Ct. 414, 416, 64 L.Ed. 705, the fundamental rule of descriptiveness in connection with trademarks was set forth in lucid language. The court said: "It was settled long prior to the Trade-Mark Registration Act that the law would not secure to any person the exclusive use of a trade-mark consisting merely of words descriptive of the qualities, ingredients, or characteristics of an article of trade; this for the reason that the function of a trade-mark is to point distinctively, either by its own meaning or by association, to the origin or ownership of the wares to which it is applied, and words merely descriptive of qualities, ingredients or characteristics, when used alone, do not do this. Other like goods, equal to them in all respects, may be manufactured or dealt in by others, who, with equal truth, may use, and must be left free to use, the same lan-

guage of description in placing their goods before the public."

The fundamental issue here is whether or not the registered mark is descriptive of the goods with which it is used and it is with this matter that we will concern ourselves, rendering it unnecessary to review the testimony of appellant.

It appears from the pleadings and the evidence of appellant, who alone took testimony, that appellee is engaged in the manufacture of merchandise similar to that of appellant to which he has applied the phrase "Slide Away" and that he has been threatened by appellant with a suit for trademark infringement.

We are of opinion, as were the tribunals below, that the notations "Slip-Away" and "Slide Away" mean the same thing and aptly describe the performing function of the goods of both parties. The advertising appeal seems to be entirely based upon the fact that the paper cover slips or slides from the toilet seat into the bowl during the flushing operation. The fact that the drag of the water on the carry off section will pull the seat cover from the toilet seat into the bowl, in our opinion, has no bearing on the issue here. There probably are sanitary paper toilet seat covers which, after use, are moved by hand into the bowl and disposed of by flushing the toilet. Because of the probable carelessness on the part of some users, it is reasonable to suppose that the covers would not always be thrown in the bowl and the used covers would make for unsightly and unsanitary toilet room conditions. The goods of both parties differ from the ordinary cover just described in that when the toilet bowl is flushed the paper cover is drawn down by the force of the flushing water and slips or slides away. This manner of self disposal certainly describes a characteristic of the goods.

The advertising matter of the parties, exhibits of which are before us, clearly indicates that it is the slipping or sliding property of the goods that constitutes one of its essential characteristics. Appellant's Exhibit N. illustrates this fact as follows: "As soon as the toilet is flushed this saturated flap pulls the light tissue cover away, disposing of it instantly and completely. The cover must slip away like this to keep the room clean, and the exclusive patented double flap of the Slip Away Self Disposing Toilet Seat Cover is the only device that can accomplish this purpose and also anchor the cover firmly on the seat."

Appellant contends in substance that the term "Slip-Away" is merely a suggestive mark as distinguished from a descriptive mark, citing many cases to sustain his contention. The cases cited and quoted from in his brief would be pertinent and compelling if his term "Slip-Away" were merely suggestive. But this term, in our opinion, is descriptive of the character of his goods in that it clearly sets forth in ordinary language one of its primary attributes. We do not think that the setting of the cover to the seat by the flap, or carry off section, extending into the water of the bowl is, by any means, the chief feature of appellant's goods. The flap is what is what is seized upon by the flushing water and as it is drawn into the drain the light tissue seat cover to which it is attached naturally slips or slides off with it. We have no doubt but that the registered mark of appellant is descriptive of one of the characteristics of his seat cover.

The Commissioner's decision states as follows: "It is asserted in De Waide's brief that the seat covers in question 'neither slip away, nor are slipped away. They stay put in place until pulled or dragged off by the flushing of the toilet bowl.' That may be true; but merely because some force must be exerted to initiate the process of slipping, it does not follow that the article thus set in motion does not thereafter slip. I can think of no brief expression that more aptly describes this particular characteristic of sanitary seat covers than to say that they 'slip away' from the seat when the bowl is flushed. It is my opinion that any dealer in like merchandise has the right to use this and similar phrases to describe his goods, and that it is not therefore subject to exclusive appropriation. It follows that the registration here involved was improperly granted, and as Dunnell is shown to have been injured thereby the statute requires its cancellation."

We are of the opinion that the above reasoning and holding are proper and for the reasons set forth herein the decision of the Commissioner of Patents is affirmed.

Affirmed.