30 C.C.P.A.(Patents)

## In re ARCHER HOSIERY MILLS.

### Patent Appeal No. 4741.

Court of Customs and Patent Appeals.

April 5, 1943.

Raymond J. Mawhinney, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Commissioner of Patents affirming a decision of the Examiner of Trade-Marks rejecting appellant's application for the registration of an alleged trademark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The mark in question consists of the notation "Ne Line" for use in "full length hosiery."

The ground of rejection was that the mark is descriptive or misdescriptive of the goods to which it is applied in that it indicates that the hosiery is of knee length.

The examiner stated:

"The term 'knee line' may not be in current use as is the expression 'waistline', but its meaning is just as understandable. What else could a knee line hose be except one that reached to the knee?

"The equivalence of phonetic spelling to authorized spelling is too well established to require citation of authorits. [authorities] The [that] 'ne' and 'knee' are phonetically the same has not been challenged by the applicant. It is believed that 'ne line' is descriptive whether one is speaking

of knee length hose or of a knee length line of hose.

"It is believed that registration is properly refused."

The commissioner in his decision stated: "I agree with the examiner that the word 'Ne' would be considered by the purchasing public of hosiery to be a mere misspelling of the word 'knee', and the entire expression to have the same meaning as the expression 'line of the knee' would have, and to designate the region of the knee. It seems to me that purchasers of hosiery, seeing or hearing the words 'Ne Line' applied to those goods, would believe the expression described the hosiery as being knee length. Accordingly, I deem the expression descriptive of knee length hosiery and misdescriptive of hosiery that is not knee length. The fact that hosiery not of knee length is named in the application as the goods to which the mark is applied does not warrant granting the registration. In re Bonide Chemical Company, Inc., 46 F.2d 705, 18 C.C.P.A., Patents, 909, 407 O.G. 4."

It is the position of appellant that anatomically there is no part of the body which is designated as the "knee line"; that the knee "is a ball and socket joint having such a movement in connection with the knee cap as to effectively preclude the termination of any hose top anywhere on this knee cap."

This definition, as above stated by appellant, is narrower than that given by lexicographers.

In Funk & Wagnall's New Standard Dictionary (1931), the word "knee" is defined as follows: "The joint or *region about the joint* between the thigh and the leg." (Italics ours.)

The words "knee line" and the notation "Ne Line" when spoken sound exactly alike, and when pronounced a person listening could not distinguish between "knee line" and "Ne Line." Therefore, if the words "knee line" would not be registrable for hosiery, appellant's mark is not registrable.

In view of the foregoing, we have no doubt that appellant's mark, as it is pronounced, is descriptive of hosiery of knee length, or hosiery, the tops of which extend to the knee, and that purchasers of hosiery hearing the notation "Ne Line" applied to hosiery would naturally conclude that it described hosiery of knee length.

Whether or not the term "knee line" is in current use, or has ever been used, in the hosiery trade is immaterial. The question is, does appellant's mark indicate to purchasers of hosiery origin of the goods? If it does not, and merely indicates the length of hosiery, it is not registrable.

In the case of Estate of P. D. Beckwith, Inc. v. Commissioner of Patents, 252 U.S. 538, 40 S.Ct. 414, 416, 64 L.Ed. 705, the court stated: "It was settled long prior to the Trade-Mark Registration Act that the law would not secure to any person the exclusive use of a trade-mark consisting merely of words descriptive of the qualities, ingredients, or characteristics of an article of trade; this for the reason that the function of a trade-mark is to point distinctively, either by its own meaning or by association, to the origin or ownership of the wares to which it is applied, and words merely descriptive of qualities, ingredients, or characteristics, when used alone, do not do this. *Other like goods,* equal to them in all respects, *may* be manufactured or *dealt in by others,* who, with equal truth, may use, and must be left free to use, the same language of description in placing their goods before the public." (Italics ours.)

So here any manufacturer of hosiery may hereafter rightfully use, in so far as the law of trade-marks is concerned, the term "knee line" in describing a particular length of hosiery. Therefore, appellant has no right to secure a monopoly in the use upon hosiery of the equivalent term "Ne Line" and the decision of the Commissioner of Patents is affirmed.

Affirmed.