# United States Court of Appeals
# for the Federal Circuit

---

**IN RE: TRIVITA, INC.,**
*Appellant*

---

2014-1383

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 77658158.

---

Decided: April 17, 2015

---

ADAM STEPHENSON, Adam R. Stephenson, LTD., Tempe, AZ, for appellant.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee. Also represented by THOMAS L. CASAGRANDE, CHRISTINA HIEBER, THOMAS W. KRAUSE.

---

Before NEWMAN, MOORE, and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

TriVita filed trademark application Serial No. 77/658,158 to register the mark NOPALEA on the Principal Register for dietary and nutritional supplements "containing, in whole or in substantial part, nopal juice." The examiner rejected the application under section

2(e)(1) of the Lanham Trademark Act as "descriptive of a feature of applicant's goods on the grounds that applicant's products contain nopal which is derived from an [ex]tract of the nopalea plant."  TriVita appealed to the Trademark Trial and Appeal Board, arguing that "nopalea plant" is not a term used in the food industry, and that the term is not descriptive because TriVita's products contain extracts from the *Opunti* genus of nopal cactus, not the *Nopalea* genus.

The Board affirmed the rejection.  The Board cited various websites showing *Nopalea* as the name of a genus of cactus used in food and supplements, noting that some of the websites were those of TriVita's affiliates, and that some explicitly stated that TriVita's products were derived from the *Nopalea* cactus.  The Board acknowledged that both *Opuntia* and *Nopalea* cacti may be referred to as nopal cacti, but that TriVita's registration application states only that the goods contain "nopal juice," and does not state whether the nopal juice is derived from cacti in either the *Opuntia* or *Nopalea* genus.  The Board cited instances of the word "nopal" used interchangeably with the word "nopalea," and stated:

> The record indicates that nopalea is indeed a genus of cacti which is used for food and medicine, and which is commonly referred to as "nopal." Consumers may well assume, (as apparently do some of [TriVita's] affiliates) that, as a characteristic of nopal juice, [TriVita's] goods derive from genus nopalea.

*In re Trivita, Inc.*, 2013 WL 6858011, at *4 (T.T.A.B. Dec. 17, 2013).  The Board concluded that there was "no doubt that a consumer would understand the term 'nopalea' used in connection with [TriVita's] goods as conveying information about them," and affirmed the refusal to register NOPALEA because it is "merely descriptive" under section 2(e)(1).  *Id.* at *5.

DISCUSSION

Section 2(e)(1) of the Lanham Act provides that a term is not a registerable trademark when it "consists of a mark which (1) when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them." 15 U.S.C. § 1052(e)(1) (2014). A mark is merely descriptive if it "'consist[s] merely of words descriptive of the qualities, ingredients or characteristics of' the goods or services related to the mark." *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173 (Fed. Cir. 2004) (alteration in original) (quoting *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 543 (1920)). The Board's determination that a mark is merely descriptive is a factual finding that is reviewed for support by substantial evidence. *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 964 (Fed. Cir. 2007).

Whether a mark is merely descriptive is determined in relation to the goods or services for which registration is sought. *See* 15 U.S.C. §1052(e)(1). The question is whether someone who is presented with the mark in connection with the goods or services would understand that the mark describes the goods or services. *See* 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §11:16 (4th ed. 2014) ("Descriptiveness cannot be determined as an abstraction. The possible descriptiveness of a designation is highly dependent on the goods or services in connection with which the designation is used. A term can be descriptive of one product and nondescriptive of another."). "A merely descriptive mark qualifies for registration only if the applicant shows that it has acquired secondary meaning." *In re Nett Designs, Inc.*, 236 F.3d 1339, 1341 (Fed. Cir. 2001).

The record contains somewhat conflicting evidence as to the content of TriVita's goods. TriVita initially stated that "the term NOPALEA refers to the nopalea plant in the relevant industry" and that "the goods contain nopal

which is an extract of the nopalea plant." TriVita later stated that its goods contain extracts of a nopal cactus, but not of a *Nopalea* cactus. TriVita referred the examiner to a Master's thesis stating that the term "nopal cactus" is used to refer to prickly pear cacti from both the *Opuntia* and *Nopalea* genera. The TriVita labels list as ingredients of its products "Nopal fruit puree (*Opuntia ficus indica*)" and "Nopal powder (*Opuntia ficus indica*)."

On receiving these arguments, the examiner also rejected TriVita's application under section 2(a) of the Lanham Act, stating that "[i]f the goods do not contain Nopalea or ingredients or extracts derived from the Nopalea plant, then the applied-for mark contains a term that is misdescriptive of the composition of the goods marketed thereunder." U.S. Trademark Appl. Serial No. 77658158, Office Action, at 2 (Jan. 7, 2011). The examiner withdrew the misdescriptiveness rejection after TriVita amended the description of the goods to state that the goods contained nopal juice.

TriVita makes four primary arguments on appeal. Although the PTO complains that some arguments were not presented to the Board, the need for these arguments did not appear until the Board's decision. Thus we have considered all of TriVita's arguments.

First, TriVita argues that the Board failed to compare the word "nopalea" to the word "nopal," the common name for prickly pear cacti of the *Nopalea* and *Opuntia* genera, and the term used in TriVita's description of the goods. TriVita argues that in *Bayer*, 488 F.3d at 964–65, this court endorsed comparing the appearance and sound of a mark with the "common word" for the goods, to determine if the mark is "sufficiently similar" to the common word. TriVita argues that the addition of the letters "EA" at the end of "nopal" makes the mark NOPALEA substantially different in sight and sound. However, "nopalea" is not a made-up word obtained by adding arbitrary letters. The

record shows, and the Board found, that "nopalea" is a genus of cacti from which nopal juice, the product at issue, is derived. Even if TriVita's product contains ingredients derived from the *Opuntia* and not the *Nopalea* cactus, substantial evidence supports the Board's finding that consumers are likely to assume that the NOPALEA mark denotes that TriVita's products contain ingredients from the *Nopalea* cactus.

Second, TriVita argues that the Board made no factual findings concerning the level of sophistication of the average consumer likely to encounter TriVita's goods. TriVita argues that the ordinary purchaser of its products will be of low botanical sophistication and will not immediately recognize the botanical meaning of the word "nopalea." TriVita is correct that descriptiveness is determined from the viewpoint of the relevant purchasing public. However, as the Board found, there is abundant evidence, scientific and non-scientific, of the words "nopalea" and "nopal" being used interchangeably. This interchangeability is seen largely in the context of discussion of the health benefits of this class of cactus.

Third, TriVita argues that its products are sold through "multi-level direct marketing," and that consumers purchase and obtain information about its products only directly from TriVita or its affiliates, and thus TriVita can "ensure the Mark is used non-descriptively in conjunction with the goods in question at the point of sale." Appellant Br. at 23. However, such non-descriptive use was not established by any factual showing. *See Roux Labs., Inc. v. Clairol Inc.*, 427 F.2d 823, 828 (CCPA 1970) ("The mere fact that a combination of words or a slogan is adopted and used by a manufacturer with the intent Clairol has manifested here—that it identify its goods and distinguish them from those of others—does not necessarily mean that the slogan accomplishes that purpose in reality."). Further, the record shows that several of TriVita's distributors state that the products contain juice

from the *Nopalea* cactus, rather than the limited non-descriptive use proposed by TriVita.

Fourth, TriVita argues that the Board erroneously relied on the Seventh Circuit's decision in *American Aloe Corp. v. Aloe Crème Labs., Inc.* 420 F.2d 1248 (7th Cir. 1970), to support the descriptiveness finding. That decision embodies the principle that the trademark applicant "cannot appropriate for its own trademark use the generic name of the distinguishing and effective ingredient in its product." 420 F.2d at 1252. The Board did not err in applying this principle to the facts in the record.

The Board found that the relevant consumer, knowing that the goods are supplements containing nopal cactus juice, would understand the mark NOPALEA to convey information that the goods contain ingredients from the *Nopalea* cactus. The Board based its finding on evidence that "nopalea" is the name of a genus of cacti used in food and supplements, that the word "nopal" is a common name for prickly pear cacti including cacti in the genus *Nopalea*, and that the words "nopal" and "nopalea" are used interchangeably to refer to cacti of that genus. Substantial evidence supports the Board's findings, and its conclusion that "nopalea" is merely descriptive of TriVita's goods.

We affirm the Board's decision that NOPALEA is not registrable on the Principal Register for TriVita's nutritional supplements containing nopal juice.

**AFFIRMED**