NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE:  DRIVEN INNOVATIONS, INC.,
*Appellant*

---

2016-1094

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 77/073,701.

---

Decided: January 4, 2017

---

EDWARD LEE, Law Offices of Edward Y. Lee, Los Angeles, CA, argued for appellant.

THOMAS L. CASAGRANDE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Michelle K. Lee. Also represented by THOMAS W. KRAUSE, CHRISTINA HIEBER, MARY BETH WALKER.

---

Before LOURIE, MAYER, and O'MALLEY, *Circuit Judges.*

O'MALLEY*, Circuit Judge.*

Driven Innovations, Inc. ("Driven Innovations") appeals from a final decision of the Trademark Trial and

Appeal Board ("the Board") refusing to register Driven Innovations' proposed mark DOTBLOG in standard character form on the principal register. *In re Driven Innovations, Inc.*, 115 U.S.P.Q.2d (BNA) 1261 (T.T.A.B. 2015). In its final decision, the Board found the mark descriptive of the services for which Driven Innovations proposed to use the mark, namely, "[p]roviding specific information as requested by customers via the Internet." *Id.* at 1267–68. Because the Board incorrectly concluded that the proposed mark is descriptive rather than suggestive, we *reverse*.

BACKGROUND

On December 29, 2006, Driven Innovations filed a trademark application to register DOTBLOG in standard character form. Driven Innovations stated that it intended to use the mark in commerce related to services that involve "[p]roviding specific information as requested by customers via the Internet." J.A. 25. In August 2007, the trademark examining attorney issued a notice of publication for the mark.

After resolving an opposition and receiving a notice of allowance, Driven Innovations filed a Statement of Use with an accompanying specimen of use—screenshots of Driven Innovations' website at dotblog.net. The specimen of use provided additional details regarding Driven Innovations' use of the mark DOTBLOG, including the following description:

> DotBlog™ is a service in which we use proprietary search techniques to find relevant and current blog posts relating to any given search query and provide you, our customer, with a summary report of what those posts are saying about your particular query.

J.A. 181.

On October 5, 2012, a new examining attorney re-viewed the Statement of Use and issued an Office Action refusing registration under § 2(e)(1) and §§ 1, 2, 3 and 45 of the Lanham Act.  In light of Driven Innovations' stated intent to use the mark in relation to services that involve "[p]roviding specific information as requested by custom-ers via the Internet," the examining attorney found DOTBLOG descriptive of such services because "the applicant is providing specific information to customers with respect to information and key terms on blogs."  J.A. 204.  Driven Innovations argued that the refusal was procedurally improper because an earlier examining attorney had approved the mark for publication and the new examining attorney misapplied the clear error stand-ard.  Driven Innovations also argued that the refusal was incorrect on the merits because the mark is suggestive.  On April 25, 2013, the examining attorney issued a sec-ond Office Action maintaining the refusals.  Driven Inno-vations filed a response to the second Office Action repeating its arguments, and the examining attorney issued a final Office Action refusing issuance of the mark in November 2013.

On appeal, the Board affirmed the new examining at-torney's refusal on procedural grounds and affirmed in part the descriptiveness refusal on its merits.  *In re Driven Innovations*, 115 U.S.P.Q.2d at 1263–68.  The Board found DOTBLOG descriptive because (1) "blog" refers to an online journal on the internet, and the speci-men of use showed that Driven Innovations used the mark in connection with providing information that may be derived from or for blogs; (2) "dot" represents the pronunciation of the punctuation mark that separates different address levels in an internet address; and (3) the mark in its entirety retains the same meaning as its component parts.  *Id.*  The Board concluded that the examining attorney's reliance on §§ 1, 2, 3, and 45 to refuse registration on a failure to function ground was in

error, but the Board instead considered these arguments as further support for refusal under § 2(e)(1). *Id.* at 1265–66.

Driven Innovations timely appealed to this court. We have jurisdiction pursuant to 15 U.S.C. § 1071(a) and 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We first note that Driven Innovations no longer pursues its procedural argument challenging the examining attorney's application of the clear error standard when rejecting the earlier-approved mark. Driven Innovations acknowledged at oral argument that it was relying on this court as a "safeguard" against any procedural irregularity, rather than pursuing a formal procedural challenge. Oral Arg. at 1:05–1:57, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 16-1094.mp3. We therefore address only the merits of Driven Innovations' challenge that its mark DOTBLOG is suggestive rather than descriptive of the services provided by Driven Innovations.

We review the Board's factual findings for substantial evidence and review the Board's legal conclusions de novo. *See, e.g.*, *In re La. Fish Fry Prods., Ltd.*, 797 F.3d 1332, 1335 (Fed. Cir. 2015). "The Board's determination that a mark is merely descriptive is a factual finding that is reviewed for support by substantial evidence." *In re TriVita, Inc.*, 783 F.3d 872, 874 (Fed. Cir. 2015).

The line between descriptive and suggestive marks can be difficult to determine. *Nautilus Grp., Inc. v. ICON Health & Fitness, Inc.*, 372 F.3d 1330, 1340 (Fed. Cir. 2004). A term is descriptive if it "immediately conveys knowledge of a quality, feature, function, or characteristic of the goods or services with which it is used." *In re Chamber of Commerce*, 675 F.3d 1297, 1300 (Fed. Cir. 2012) (quoting *In re Bayer Aktiengesellschaft*, 488 F.3d

960, 964 (Fed. Cir. 2007)). A mark is suggestive if it "requires imagination, thought and perception to reach a conclusion as to the nature of the goods." *In re Abcor Dev. Corp.*, 588 F.2d 811, 814 (C.C.P.A. 1978). Generally, a mark is descriptive if it "imparts information directly"; a mark is suggestive if it "requires some operation of the imagination to connect it with the goods." *Id.* "If the mental leap between the word and the product's attribute is not almost instantaneous, this strongly indicates suggestiveness, not direct descriptiveness." *Nautilus*, 372 F.3d at 1340.

Descriptiveness is not analyzed in the abstract and must be evaluated "in relation to the particular goods for which registration is sought, the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods because of the manner of its use or intended use." *Chamber of Commerce*, 675 F.3d at 1300 (quoting *Bayer*, 488 F.3d at 964). Evidence that a mark is descriptive can come from "any competent source, such as dictionaries, newspapers, or surveys." *Bayer*, 488 F.3d at 964. And a mark need only describe a "single feature or attribute" of the goods or services in order to be descriptive. *Chamber of Commerce*, 675 F.3d at 1300 (citing *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 1346 (Fed. Cir. 2001)). A descriptiveness refusal is therefore proper "if the mark is descriptive of any of the [services] for which registration is sought." *Id.* (alteration in original) (quoting *In re Stereotaxis Inc.*, 429 F.3d 1039, 1041 (Fed. Cir. 2005)).

Driven Innovations argues that DOTBLOG is suggestive of its services and that there is insufficient evidence to support the Board's refusal to register the mark based on a descriptiveness finding. The Board's opinion noted that freedictionary.org defines "blog" as an online journal shared with others on the internet. *In re Driven Innovations*, 115 U.S.P.Q.2d at 1266. The Board explained that the Statement of Use showed that Driven Innovations

used the mark in connection with providing information that may be derived from or used for blogs. *Id.* at 1266–67. The Board then reasoned that, "given the meaning of the word BLOG, its use in the applied-for mark immediately describes Applicant's information services." *Id.* at 1267. Turning to the meaning of "dot," the Board noted that it represents the standard pronunciation of the punctuation mark that separates different address levels in an internet address. *Id.* The Board found that, "as used in the mark, ['dot'] would be perceived as merely indicating the online nature of Applicant's services." *Id.*

When considering the applied-for mark in its entirety, the Board found that "each component has retained its character as merely descriptive or without trademark significance in relation to the services, and that the composite term does not present a new meaning that is not itself merely descriptive." *Id.* The Board continued by reasoning that "[c]onsumers will immediately understand the term DOTBLOG, when used in association with Applicant's services of 'providing specific information as requested by customers via the Internet,' as describing a website that may feature information for blogs, or be related to blogs, regardless of the domain in which the blogs reside." *Id.* at 1268.

In the alternative, the Board found that consumers are likely to perceive the mark as "related to information gleaned from the '.blog' domain" because of ICANN's activation of the .blog generic top-level domain. *Id.* The Board then found that, when used in association with Driven Innovations' services, the mark considered in its full form would be "merely descriptive because consumers would perceive the mark as conveying the impression of 'providing specific information' from searches of sites on the '.blog' domain." *Id.* Based on these reasons, the Board refused registration of the mark. *Id.*

The Patent and Trademark Office ("PTO") defends the Board's reasoning and argues that substantial evidence supports the Board's finding of descriptiveness. The PTO argues that the Board, and the examiner before it, made out a prima facie case of descriptiveness by providing a "reasonable factual predicate" for the conclusion that the mark is merely descriptive. According to the PTO, the Board's finding is supported by (1) the definitions of "blog" and "dot," (2) the forthcoming availability of a ".blog" generic top-level domain, and (3) Driven Innovations' Statement of Use showing that its service collects information from blogs as requested by customers.

We disagree. Even when considering the mark in the context of the services rendered, the definitions of "dot" and "blog" do not provide sufficient support for the Board's finding under a substantial evidence standard. The word "dot" does not "immediately convey" a meaning of the punctuation mark used in an internet address, nor does it immediately describe the online nature of Driven Innovations' services. *See Chamber of Commerce*, 675 F.3d at 1300. Instead, it merely suggests the online nature of Driven Innovations' services because it "requires some operation of the imagination" to connect the term "dot" to the online nature of Driven Innovations' services. *Abcor Dev. Corp.*, 588 F.2d at 814. Similarly, the word "blog" at most establishes some form of relation between the services rendered and blogs generally, without any description as to how the services rendered relate to blogs. The use of "blog" in the mark is not descriptive because it does not immediately convey knowledge of a feature of the services. *See Chamber of Commerce*, 675 F.3d at 1300.

Although it can be helpful for the court to consider the public's understanding of individual words in a mark with compound terms as a first step in the analysis, we must also consider the mark as a whole. *See Princeton Vanguard, LLC v. Frito-Lay North Am., Inc.*, 786 F.3d 960, 967 (Fed. Cir. 2015). Considering DOTBLOG as a single

mark, the evidence of the definitions and the proposed existence of ".blog" generic top-level domains merely shows, at most, that the mark DOTBLOG likely would have some relation to online blogs. Mere relation, however, does not mean that a mark is descriptive. In this case, there is no instantaneous "mental leap between the word and the [service]'s attribute" of using proprietary search techniques to find relevant and current blog posts relating to a given search query from a customer and providing the customer with a summary report of those posts. *Nautilus*, 372 F.3d at 1340. The lack of this instantaneous mental leap "strongly indicates suggestiveness, not direct descriptiveness." *Id.*

We also disagree with the Board's reasoning because it logically results in the refusal to register any mark that includes the word "blog" whenever the mark's associated product or service relates in some way to blogs. The PTO confirmed this fact when it explained that "the service is directed to blogs, and the mark has 'blog' in it, so the connection is direct and instantaneous: this concerns blogs." Oral Arg. at 16:15–16:40. Though the PTO backed away from this broad reasoning when faced with the need to apply it to other cases, Oral Arg. at 16:40–17:09, it still urged our reliance on it. We reject the invitation to sweep so broadly in our reading of "blog" in this mark. Indeed, it appears that the PTO has not employed this reasoning in past cases, as demonstrated by the various marks the PTO has approved that use the word "blog" in relation to products or services having some relation to blogs.[1]  *See,*

[1]   As the PTO correctly noted, the court has cautioned against the use of comparisons to other marks because suggestiveness or descriptiveness in any particular case will depend largely on a variety of factors, such as context of use. *See, e.g.*, *In re Nett Designs, Inc.*, 236 F.3d 1339, 1342 (Fed. Cir. 2001). Each case must be decided

*e.g.*, J.A. 1632–44 (providing information regarding the mark WALLETBLOG in standard character format for a website or blog that would "[p]rovid[e] information, news and commentary in the field of current events relating to finance and business").

## CONCLUSION

For the foregoing reasons, we find that substantial evidence does not support the Board's refusal to register Driven Innovations' DOTBLOG mark on grounds that it is descriptive of the services rendered in connection therewith. When considering DOTBLOG within the context of Driven Innovations' proffered services, we find the mark merely suggestive of those services. We therefore reverse the Board's order and remand for further proceedings.

## REVERSED AND REMANDED

## COSTS

No costs.

---

on its own merits. *Id.* We use this comparison only as an example of the impractical nature of the Board's broad reasoning.