NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: DDMB, INC.,**
*Appellant*

---

2016-2037

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 86/312,296.

---

Decided: March 8, 2017

---

MATTHEW R. GROTHOUSE, Saper Law Offices, LLC, Chicago, IL, for appellant.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Michelle K. Lee. Also represented by THOMAS L. CASAGRANDE.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge.*

DDMB, Inc. ("DDMB") appeals from a decision of the U.S. Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board ("Board") affirming the Examin-

ing Attorney's rejection of the mark EMPORIUM ARCADE BAR and Design, absent a disclaimer of the term EMPORIUM. *See In re DDMB Inc.*, No. 86312296, 2016 WL 552609 (T.T.A.B. Jan. 29, 2016) ("*Decision*"). For the reasons that follow, we *affirm*.

BACKGROUND

DDMB sought registration on the Principal Register of the mark EMPORIUM ARCADE BAR and Design ("the mark"), as depicted below:



DDMB sought to register the mark in International Class 41 (for "providing video and amusement arcade services") and International Class 43 (for "bar services; bar services featuring snacks"). *See Decision*, 2016 WL 552609, at *2.

The Examining Attorney refused registration under 15 U.S.C. § 1056, on the ground that the terms EMPORIUM and ARCADE BAR are merely descriptive and must be disclaimed. DDMB agreed to disclaim ARCADE BAR but not EMPORIUM. Thus, the Examining Attorney issued a final refusal, which DDMB appealed to the Board.

The Board affirmed the Examining Attorney's refusal to register the mark absent a disclaimer of the term EMPORIUM. The Board found that the term EMPORIUM is descriptive of "video and amusement arcade services," "bar services," and "bar services featuring snacks." *See Decision*, 2016 WL 552609, at *5. The Board cited several dictionary definitions of EMPORIUM,

including: (1) "a large retail store, especially one selling a great variety of articles"; (2) "a large store with a wide variety of things for sale"; and (3) "a place of commerce; trading center; marketplace." *Id.* at *2. Based on those definitions, the Board found that EMPORIUM "connot[ed]" the attributes of "size, variety of merchandise, and trading activity" and noted that both "[a]rcades and bars contain elements of these attributes." *Id.*

The Board also examined the dictionary definitions of "arcade" and "bar" and concluded that: (1) "[a]n arcade is an emporium in the sense that it provides the visitor with multiple opportunities to play a variety of different video games"; and (2) "[a] bar is an emporium in the sense that it is a retail outlet serving a variety of different alcoholic beverages." *Id.* Thus, the Board found that EMPORIUM is descriptive of both arcade and bar services. The Board noted that the combination of EMPORIUM with ARCADE BAR does not give rise to a "unitary phrase"—which would indicate that EMPORIUM is not descriptive as used in the mark—but rather, each of the two terms "create[s] [a] separate and distinct commercial impression[]." *Id.* at *3.

Finally, the Board cited seven third-party registrations for marks containing the term EMPORIUM, registered for restaurant, catering, and bar services, wherein EMPORIUM had been disclaimed. The Board explained that such third-party registrations, while not binding precedent, are useful as evidence, similar to a dictionary definition, to show the meaning of the term. *See id.* at *4. Thus, the Board concluded that EMPORIUM, as it relates to video and amusement arcade services and bar services, is merely descriptive and a disclaimer for that term is required. *Id.*

DDMB timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

DISCUSSION

We review the Board's legal conclusions de novo, *In re Int'l Flavors & Fragrances Inc.*, 183 F.3d 1361, 1365 (Fed. Cir. 1999), and the Board's factual findings for substantial evidence, *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085 (Fed. Cir. 2000). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Pacer Tech.*, 338 F.3d 1348, 1349 (Fed. Cir. 2003). Whether a mark is descriptive is a fact question that we review for substantial evidence. *In re TriVita, Inc.*, 783 F.3d 872, 874 (Fed. Cir. 2015). A mark is descriptive if it "'consist[s] merely of words descriptive of the qualities, ingredients or characteristics of' the goods or services related to the mark," and, thus, "immediately conveys knowledge of a quality or characteristic of the product." *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173 (Fed. Cir. 2004) (alteration in original) (quoting *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 543 (1920)).

The Lanham Act provides that the PTO can "require the applicant to disclaim an unregistrable component of a mark otherwise registrable." 15 U.S.C. § 1056(a). A mark or component is unregistrable if, "when used on or in connection with the goods of the applicant," it is "merely descriptive . . . of them." 15 U.S.C. § 1052(e)(1). Thus, the PTO "may require a disclaimer as a condition of registration if the mark is merely descriptive for at least one of the products or services involved." *In re Stereotaxis, Inc.*, 429 F.3d 1039, 1041 (Fed. Cir. 2005).

On appeal, DDMB argues that the term EMPORIUM, when used in connection with "bar services" and "video and amusement arcade services," is not descriptive, but rather is suggestive. DDMB argues that the term EMPORIUM does not "immediately convey" knowledge of arcade and bar services "without resort to analysis or

speculation." Appellant's Br. 8. DDMB argues that the dictionary definitions of EMPORIUM, including "marketplace," "trading center," and "retail store," are "broad and vague" and "encompass[] such a broad sweep of commercial establishments" that the term cannot immediately convey knowledge of DDMB's services with any "degree of particularity." *Id.* at 8, 11. DDMB also argues that EMPORIUM, defined as a "retail store," connotes a place of commerce for *off-site* consumption of the goods or services sold; in contrast, DDMB's video/arcade and bar services are for *on-site* consumption of the goods and services provided. *Id.* at 14.

Moreover, DDMB argues, the terms EMPORIUM and ARCADE BAR form a single "unitary mark," for which no disclaimer can be required. *See, e.g.*, *Dena Corp. v. Belvedere Int'l, Inc.*, 950 F.2d 1555, 1560–61 (Fed. Cir. 1991). DDMB argues that both (1) the "incongruous" use of the term EMPORIUM as an *adjective* modifying ARCADE BAR, instead of a *noun*, and (2) the "redundancy" of using EMPORIUM and ARCADE BAR, nouns with "overlapping" meanings, for video/arcade and bar services is so "unique" and "strange" that it renders the combination a "unitary mark" with no significant meaning beyond identifying DDMB's services. *See, e.g.*, Appellant's Br. 21, 22, 24. DDMB argues that the "incongruous redundancy" of the mark would "cause the average consumer to interpret the three words as one unitary phrase." *Id.* at 22–24.

The PTO responds that the word EMPORIUM is descriptive for DDMB's services because it immediately conveys the information of a commercial establishment featuring a variety of beverages and video arcade games. Appellee's Br. 17. The PTO points to the dictionary definitions of EMPORIUM, including a "place of commerce" or a "retail shop," and argues that bars are a type of "retail outlet" because they "sell drinks" and that arcades, similarly, "provide games . . . when customers place coins in them." *Id.* Furthermore, the PTO argues

that EMPORIUM cannot connote only off-site consumption of goods or services because one of the dictionary definitions relied upon by the Board cited "pizza emporium" as an example, and pizza would likely be consumed on-site at such an establishment. Finally, the PTO argues that EMPORIUM combined with ARCADE BAR does not form a unitary mark because the composite mark does not possess a "distinct meaning of its own." *Id*. at 30.

The question before us is whether substantial evidence supports the Board's findings that, as applied to DDMB's services, EMPORIUM is merely descriptive and does not form a unitary mark in combination with ARCADE BAR. We agree with the PTO that substantial evidence supports the Board's determinations.

First, the Board found that EMPORIUM was descriptive of "video and amusement arcade services" and "bar services." *See Decision*, 2016 WL 552609, at *2. That finding was based on, *inter alia*: (1) dictionary definitions of EMPORIUM indicating that the term connotes the "attributes" of "size, variety of merchandise, and trading activity"; (2) dictionary definitions of "arcade" and "bar," which indicate that arcades and bars contain elements of those same attributes; (3) the example of "pizza emporium," provided by the Merriam-Webster dictionary definition of "emporium," indicating that goods or services may be consumed on-site at an emporium; and (4) seven third-party registrations disclaiming the term EMPORIUM for restaurant, catering, and bar services, as evidence, similar to a dictionary definition, of the meaning of that term. *Id*. at *2–3. We conclude that the foregoing constitutes substantial evidence that supports the Board's finding.

Second, the Board found that EMPORIUM ARCADE BAR is not a unitary mark and, thus, EMPORIUM is not arbitrary as used in the mark. *See id*. at *3. The Board rejected DDMB's "incongruous redundancy" argument, explaining that there is no redundancy—"'emporium' does

not overlap with 'bar'" because "the two words are not synonyms." *Id.* The Board also explained that the so-called "incongruous" use of EMPORIUM to modify the generic term ARCADE BAR does not, in and of itself, render EMPORIUM arbitrary. *Id.* And the Board found that the two terms do not form a unitary mark because each term "create[s] [a] separate and distinct commercial impression[]." *Id.*

We find the Board's determination to be supported by substantial evidence. For a composite mark to qualify as a "unitary mark," the elements of the composite must be "inseparable." *Dena Corp.*, 950 F.3d at 1561. A unitary mark must have "a distinct meaning of its own *independent of the meaning of its constituent elements.*" *Id.* (emphasis added). For example, our predecessor court held that the composite mark SUGAR & SPICE is not descriptive of bakery products. *See Application of Colonial Stores, Inc.*, 394 F.2d 549, 552–53 (C.C.P.A. 1968). There, the court explained that while, individually, both SUGAR and SPICE are descriptive of ingredients in bakery products, the composite SUGAR & SPICE possessed a "reminiscent, suggestive or associative connotation" due to the well-known nursery rhyme—"sugar and spice and everything nice"—and, thus, a "distinctive nature," above and beyond the individual components. *Id.* at 553. Unlike SUGAR & SPICE, which has a meaning all its own, "independent of the meaning of its constituent elements," *Dena Corp.*, 950 F.3d at 1561, EMPORIUM ARCADE BAR possesses no such independent significance. Thus, the composite mark is not a unitary mark that renders EMPORIUM, otherwise descriptive, exempt from a disclaimer requirement.

We note that DDMB agreed to disclaim ARCADE BAR as descriptive of its services. Thus, the argument that EMPORIUM is "redundant"—referring to DDMB's "incongruous redundancy" argument—with ARCADE BAR would seem to be an admission that EMPORIUM is

also descriptive of those same services. Nevertheless, because we find the Board's findings to be supported by substantial evidence, we need not reach the issue of whether DDMB's argument constitutes an admission.

We thus conclude that the Board's findings that EMPORIUM is descriptive of DDMB's services and that EMPORIUM ARCADE BAR is not a unitary mark are supported by substantial evidence.

### CONCLUSION

We have considered DDMB's remaining arguments but find them to be unpersuasive. For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**