NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE: CHRISTOPHER COLES,**
*Appellant*

---

2020-1236

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 87570785.

---

Decided: December 11, 2020

---

KERRY ANN BRENNAN, Brennan Law Firm PLLC, New York, NY, for appellant.

DANIEL KAZHDAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu. Also represented by CHRISTINA J. HIEBER, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, ERICA JEUNG DICKEY.

---

Before NEWMAN, DYK, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Christopher Coles appeals from a decision of the Trademark Trial and Appeal Board ("Board") affirming the

examining attorney's final refusal to register Coles' "BREW SCIENCE" mark because the mark is descriptive of the services identified in Coles' trademark application. *In re Coles*, No. 87570785, 2019 WL 5290188 (T.T.A.B. Sept. 26, 2019). Because substantial evidence supports the Board's conclusion, we *affirm*.

## I. BACKGROUND

On August 16, 2017, Coles filed an application seeking registration on the principal register of "BREW SCIENCE" in standard characters. He identified the services as:

> Entertainment services, namely, on-line non-downloadable videos, in the field of beer, beer accessories and the beer industry; provision of entertainment, namely, on-line non-downloadable videos concerning beer, beer accessories and the beer industry.

J.A. 223. With his application, Coles included still images from a video, entitled "5 Last Minute Gift Ideas That Won't Cut Into Your Beer Fund," that can be found on his website. J.A. 37–48.

Over three non-final office actions and a final office action, the examining attorney refused to register the mark, finding that it was merely descriptive of a feature of the identified services. *See* J.A. 51–82, 97–180, 201–04, 226–79. In the final office action, issued January 9, 2019, the examining attorney distilled the issue. "Brew," as defined by *Merriam-Webster's Online Dictionary*, means "a brewed beverage (such as beer)." J.A. 227 (quoting J.A. 232). "Science," as defined by *The American Heritage Dictionary of the English Language*, means "[a] systematic method or body of knowledge in a given area." J.A. 227 (quoting J.A. 235). In light of these definitions, the examining attorney concluded a consumer would understand "BREW SCIENCE" as describing "a body of knowledge about beer or preparing beer." J.A. 228. And the

examining attorney found that the record, including numerous online videos and websites, established that "consumers who brew and consume beer commonly use the wording 'BREW SCIENCE' to describe information about beer and preparing beer." J.A. 228.

The examining attorney further found that the description of Coles' videos on his website confirmed that the mark is merely descriptive of the described services. The website explains that it is "[a] beer show" that "do[es] sciencey type stuff like experiments." *Id.* And, the website represents, "[w]e are committed to ensuring that no beer-related query (a buery, if you will) goes un-answered." *Id.*

Coles appealed to the Board. Coles acknowledged that "brew" is a slang term for beer. Coles focused his argument, instead, on a contention that the "video services are comedic in nature and not scientific." J.A. 302. Given the allegedly comedic nature of Coles' videos, he claimed that the "BREW SCIENCE" mark is "playful and fanciful in the context of its services." *Id.*

The examining attorney, in her appeal brief before the Board, cited several pieces of evidence to establish that "BREW SCIENCE" is descriptive. She presented dictionary definitions of "brew" and "science," numerous online sources using the phrase, and statements on Coles' website describing the videos as relating to "sciencey type stuff."

The Board found that the record established the definition of "brew" as a "brewed beverage (such as beer)." *Coles*, 2019 WL 5290188, at *5. The Board further found that the record established the definition of "science" as "a systematic method or body of knowledge in a given area." *Id.* In the context of Coles' services, it concluded, "'science' . . . describes a body of knowledge about beer or brewing beer." *Id.* The Board also found that the evidence tended to show that "brew science" is used in the beer industry to discuss beer knowledge. *Id.* at *6.

The Board therefore held that "BREW SCIENCE" is "a merely descriptive term related to a body of knowledge about beer or brewing beer." *Id.* at \*7. And, when used in connection with Coles' identified entertainment services, "it immediately tells consumers about a feature of those services, namely, that the entertainment provided in the form of non-downloadable videos featuring beer and the beer industry includes videos related to the science of beer, or BREW SCIENCE." *Id.* The Board thus affirmed the examining attorney's refusal to register "BREW SCIENCE." *Id.* at \*8.

Coles appeals the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## II. ANALYSIS

The Lanham Act precludes registration of a mark that "when used on or in connection with the goods of the applicant is merely descriptive . . . of them." 15 U.S.C. § 1052(e)(1). "A term is merely descriptive if it immediately conveys knowledge of a quality, feature, function, or characteristic of the goods or services with which it is used." *In re Bayer AG*, 488 F.3d 960, 963 (Fed. Cir. 2007). "A mark may be merely descriptive even if it does not describe the 'full scope and extent' of the applicant's goods or services." *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173 (Fed. Cir. 2004).

The Board's determination that a mark is merely descriptive is a factual finding, which we review for substantial evidence support. *In re TriVita, Inc.*, 783 F.3d 872, 874 (Fed. Cir. 2015). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *In re Bayer AG*, 488 F.3d at 964 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Given this deferential standard, "we may not reverse the Board's decision for lack of substantial evidence . . . so long as competent evidence in the record supports

the Board's ruling." *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1252 (Fed. Cir. 2012).

Coles' arguments on appeal amount to one overarching contention: the Board's decision lacks substantial evidence support. For the reasons discussed below, we disagree.

Substantial evidence supports the Board's finding that "brew" refers to beer. *See Coles*, 2019 WL 5290188, at *5. The Board cited two dictionaries and multiple definitions. *Id.* at *2. That evidence is substantial evidence supporting the Board's conclusion. The fact that, as Coles contends, "brew" can also refer to, inter alia, the brewing of tea, does not detract from the conclusion that brew is a commonly accepted term for beer and that, in the context of entertainment services related to beer, a consumer would reasonably understand the term to refer to beer.

Substantial evidence also supports the Board's finding that "science" refers generally to "a systematic method or body of knowledge in a given area," and specifically, in the context of Coles' mark, to "a body of knowledge about beer or brewing beer." *Id.* at *5. The Board supported its conclusion with multiple dictionary definitions. *Id.* at *2. The Board further explained that Coles' own website, which describes his videos as containing "sciencey type stuff," including experimenting with different beer combinations, confirmed its understanding. *Id.* at *5. Given this, the Board rejected Coles' contention that "science" was used in a merely "playful" manner to describe the videos. *Id.* On appeal, Coles again argues that "science" is used in a comedic fashion. But, as the Board aptly observed, Coles' described services are broad enough to encompass "providing non-downloadable videos concerning the science of beer and the science of brewing beer." *Id.* That his specific product is comedic does not overcome the fact that the specified services are not so limited.

Finally, substantial evidence supports the Board's finding that the mark "BREW SCIENCE" is descriptive of

Coles' identified services. The Board found that the terms "brew" and "science," when combined, retain their descriptive significance. *Id.* at *6. The Board cited numerous online sources using the term "brew science." *Id.* at *2–5. It concluded that those sources establish that "brew science" is "used in the beer industry, by home brewers, by educational institutions, by bloggers and on websites in discussing beer, including the brewing of beer, and making craft brews." *Id.* at *6. Coles' own website, moreover, clearly describes his videos as relating to the knowledge of beer. The Board, citing this evidence, concluded that "BREW SCIENCE" was just as descriptive as its individual components. *Id.* Given the extensive evidence cited by the Board, we hold that the Board's findings are supported by substantial evidence.

Coles argues that the Patent and Trademark Office has previously registered several marks containing the term "science" for entertainment services. He contends that this creates precedent that "science" is not descriptive of entertainment services. Appellant's Br. 13–14. We disagree. A list of marks containing "science" is, at best, probative and does not overcome the substantial evidence cited by the Board that establishes the descriptiveness of "BREW SCIENCE" in relation to the specific services at issue in this case. We note, moreover, that Coles provides us with a bare list of marks containing "science." Such a list establishes nothing of relevance to this case, as there is no basis for us to assume that the cited marks are themselves inherently distinctive.

## CONCLUSION

We have considered Coles' remaining arguments and find them unpersuasive. For the reasons discussed above, we *affirm* the Board's decision affirming the examining attorney's final refusal to register "BREW SCIENCE" on the principal register.

## AFFIRMED