NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: AGADIA SYSTEMS INC.,**
*Appellant*

---

2023-1993

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 88943465.

---

Decided: February 20, 2025

---

JAYSON MACYDA, Canton, MI, argued for appellant.

MICHAEL CHAJON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Coke Morgan Stewart. Also represented by ERICA JEUNG DICKEY, CHRISTINA J. HIEBER, FARHEENA YASMEEN RASHEED.

---

Before PROST, BRYSON, and REYNA, *Circuit Judges*.

REYNA, *Circuit Judge*.

Agadia Systems Inc. sought to register the proposed trademark FORMULARYHUB with the United States Patent and Trademark Office. The PTO refused registration,

and the Trademark Trial and Appeal Board affirmed.  Agadia timely appeals.  For the following reasons, we affirm.

BACKGROUND

Agadia Systems Inc. ("Agadia") filed trademark registration applications for the proposed marks FORMULARYHUB and FORMULARYHUB.com with the United States Patent and Trademark Office ("PTO").[1]  The PTO refused both trademark registration applications based on mere descriptiveness under 15 U.S.C. § 1052(e)(1).[2]  Agadia appealed both refusals to the Trademark Trial and Appeal Board ("Board").  First, the Board addressed the FORMULARYHUB.com appeal.  In that appeal, the PTO withdrew the refusal of registration based on mere descriptiveness because the examiner believed that the evidence supporting the refusal "was not properly made of record due to a technical error."  J.A. 264.  The Board dismissed Agadia's FORMULARYHUB.com appeal as moot due to the PTO's withdrawal of its refusal and remanded the case for further proceedings. J.A. 410.  On remand, the PTO stayed all further proceedings for the FORMULARYHUB.com application pending Agadia's FORMULARYHUB appeal.  J.A. 372–73.

The Board next addressed the FORMULARYHUB appeal.  The Board affirmed the PTO's refusal of registration based on mere descriptiveness.  First, the Board rejected Agadia's arguments that waiver, judicial estoppel, and

---

[1]    Only the resolution of the FORMULARYHUB application is at issue in this appeal.  Agadia's arguments on appeal, however, refer to the FORMULARYHUB.com application.  As such, we detail the history of both applications.

[2]    The PTO also refused registration of the FORMULARYHUB mark under 15 U.S.C. §§ 1051, 1127. This separate refusal is not at issue on appeal.

equitable estoppel preclude the application of any descriptiveness refusal to Agadia's FORMULARYHUB application based on the Board's disposition of the PTO's similar refusal in the FORMULARYHUB.com proceeding. *In re Agadia Sys. Inc.*, No. 88943465, 2023 WL 2988198, at *1–2 (T.T.A.B. Apr. 6, 2023) ("*Decision*"). Turning to the merits of Agadia's FORMULARYHUB application, the Board affirmed the PTO's descriptiveness refusal. The Board adopted Agadia's definition of the term "formulary" to mean "[a] list of prescription drugs covered by a prescription drug plan or another insurance plan offering prescription drug benefits," such as "a drug list." *Id.* at *5–6. The Board determined that a "hub" is best defined as "the effective center of an activity, region, or network." *Id.* at *6. Taking these two terms together, the Board ruled that FORMULARYHUB is descriptive of Agadia's software services, which function "as a centralized location for a collection of formularies." *Id.* at *5–8.

Agadia appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## STANDARD OF REVIEW

We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *In re Hotels.com, L.P.*, 573 F.3d 1300, 1302 (Fed. Cir. 2009) (citation omitted). Whether a mark is merely descriptive is question of fact reviewed for substantial evidence. *In re TriVita, Inc.*, 783 F.3d 872, 874 (Fed. Cir. 2015).

We review the Board's rulings on waiver, judicial estoppel, and equitable estoppel for an abuse of discretion. *Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996); *Mabus v. Gen. Dynamics C4 Sys., Inc.*, 633 F.3d 1356, 1359 (Fed. Cir. 2011); *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1019 (Fed. Cir. 2008). The Board abuses its discretion when its "decision rests on an error of law or on erroneous findings of fact, or if the decision manifests an unreasonable exercise of judgment in weighing

relevant factors." *Bridgestone/Firestone Rsch., Inc. v. Auto. Club de l'Ouest de la France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001).

## DISCUSSION

Agadia advances two primary arguments on appeal. First, Agadia argues that the Board erred in rejecting its assertions that waiver, judicial estoppel, and equitable estoppel preclude any descriptiveness refusal to Agadia's FORMULARYHUB application. Second, Agadia argues that the Board erred in ruling that the proposed mark FORMULARYHUB is descriptive. We address each argument in turn.

## I

We begin with waiver. Agadia argues that the PTO waived its right to maintain its descriptiveness refusal to the proposed FORMULARYHUB mark by withdrawing its descriptiveness refusal to the proposed FORMULARYHUB.com mark. Appellant Br. 18–19. Waiver is the intentional relinquishment or abandonment of a known right. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020) (citation omitted). The PTO's withdrawal of its descriptiveness refusal in a separate proceeding due to a perceived technical error is not an intentional relinquishment or abandonment of any right to sustain a similar refusal in the proceeding before us today. Our conclusion is reinforced by the principle that "the PTO must decide each application on its own merits, and decisions regarding other registrations do not bind either the agency or this court." *In re Boulevard Ent., Inc.*, 334 F.3d 1336, 1343 (Fed. Cir. 2003) (citation omitted). Such is the case even if the PTO erred in registering another mark. *Id.* Given this well-established principle, without more, the Board correctly concluded that the PTO did not waive any right in this proceeding based on its actions in the separate FORMULARYHUB.com proceeding.

We turn next to judicial estoppel. Agadia argues that the PTO is judicially estopped from asking the Board to affirm its descriptiveness refusal to the proposed FORMULARYHUB mark because the Board "accepted" the PTO's withdrawal of its descriptiveness refusal to the proposed FORMULARYHUB.com mark. Appellant Br. 19–23. Agadia, as the party asserting judicial estoppel, must show that the PTO previously succeeded in persuading a tribunal to accept an earlier position that is clearly inconsistent with the position the PTO now takes, among other requirements. *Trustees in Bankr. of N. Am. Rubber Thread Co., Inc. v. United States*, 593 F.3d 1346, 1354 (Fed. Cir. 2010). Judicial estoppel cannot apply in this case because the PTO did not succeed in persuading the Board of anything regarding the descriptiveness of the proposed FORMULARYHUB.com mark. Notably, the Board did not address the merits of any issue of descriptiveness in that appeal. Instead, the PTO withdrew its descriptiveness refusal in the FORMULARYHUB.com proceeding, thus rendering the issue moot and depriving the Board of jurisdiction to adopt any position advocated by either party. For these reasons, the Board properly rejected Agadia's judicial estoppel theory.

We turn last to equitable estoppel. Agadia argues that the PTO is equitably estopped from maintaining its descriptiveness refusal in the current proceeding because it withdrew a similar refusal in the FORMULARYHUB.com proceeding. Appellant Br. 22–27. As relevant here, for equitable estoppel to apply, the PTO must have engaged in misleading conduct that led Agadia to "reasonably infer that rights will not be asserted against it." *Lincoln Logs Ltd. v. Lincoln Pre-Cut Log Homes, Inc.*, 971 F.2d 732, 734 (Fed. Cir. 1992). For the same reasons as discussed in connection with waiver, the PTO's withdrawal of its descriptiveness refusal in the FORMULARYHUB.com proceeding was not misleading. Namely, the PTO must decide each application on its own merits, even if the PTO erred in

registering another similar mark. *In re Boulevard Ent., Inc.*, 334 F.3d at 1343. For the same reason, Agadia could not have reasonably inferred that the PTO would withdraw its descriptiveness refusal in the FORMULARYHUB proceeding, given the same principle that the PTO must decide each application on its own merits. Accordingly, the Board correctly concluded that equitable estoppel does not apply.

To be clear, we do not mean that separate trademark application proceedings may never impact one another. Indeed, we note that the PTO stayed proceedings for the FORMULARYHUB.com application pending Agadia's appeal in the FORMULARYHUB matter, seemingly in recognition that the FORMULARYHUB proceedings may affect the separate FORMULARYHUB.com proceedings. We only hold that waiver, judicial estoppel, and equitable estoppel do not apply in the specific case before us today.

II

Agadia advances two primary arguments to support its position that the proposed mark FORMULARYHUB is not descriptive. First, Agadia argues that the Board failed to evaluate the mark in relationship to Agadia's customizing computer software services. Appellant Br. 27–29. Next, Agadia argues that the Board erred in adopting a non-hardware-based definition of the term "hub." *Id.* at 32–38.

Agadia's arguments on descriptiveness fail under the substantial evidence standard of review. To determine whether the proposed mark FORMULARYHUB is merely descriptive, the Board analyzed the specimen that Agadia submitted with its application. The Board determined that the specimen shows that Agadia's "software functions for users as a centralized location for a collection of formularies." *Decision*, 2023 WL 2988198, at *5. Next, the Board considered several dictionary definitions of the term "formulary," excerpts from various third-party websites that use the term "formulary," and testimony from Sri Swarna, Agadia's Chief Executive Officer, about both formularies

and Agadia's services. *Id.* at \*5–6. Then, the Board considered several definitions of the term "hub." *Id.* at \*6–7. Finally, the Board concluded that the words "formulary" and "hub" separately, as well as the proposed mark FORMULARYHUB in its entirety, are merely descriptive. *Id.* at \*8. This is substantial evidence. As such, we decline Agadia's invitation to reweigh evidence on appeal, which we cannot do. *Impax Lab'ys Inc. v. Lannett Holdings Inc.*, 893 F.3d 1372, 1382 (Fed. Cir. 2018).

Agadia argues that the Board did not evaluate the proposed mark in light of Agadia's services because it failed to discuss certain portions of testimony from Mr. Swarna that provide details about Agadia's services. We have recognized that the Board is not required to discuss every piece of evidence, so long as the Board does not "short-cut its consideration of the factual record before it." *Princeton Vanguard, LLC v. Frito-Lay N. Am., Inc.*, 786 F.3d 960, 970 (Fed. Cir. 2015). In analyzing Agadia's services, the Board discussed Agadia's specimen, other portions of Mr. Swarna's testimony, and Agadia's characterizations of its services. *Decision*, 2023 WL 2988198, at \*5–6. We see no indication that the Board ignored the portions of Mr. Swarna's testimony that Agadia now relies on, and at the very least, the Board was not required to discuss every portion of Mr. Swarna's testimony that might be relevant. This is especially true given that Agadia only argues that the additional portions of Mr. Swarna's testimony describe specific implementation details of Agadia's services, not that the Board misconstrued Agadia's services altogether. Appellant Br. 29. We conclude that the Board did not "short-cut" its analysis and thus did not err.

Next, Agadia argues that the Board erred in rejecting Agadia's proposed hardware-based definition of the term "hub" and adopting an "abstract," non-computer-related definition. *Id.* at 38. The Board must evaluate the meaning of a proposed mark in relation to the particular goods or services for which registration is sought. *In re Bayer*

*Aktiengesellschaft*, 488 F.3d 960, 963–64 (Fed. Cir. 2007). The Board was confronted with several definitions of the term "hub," one of which was Agadia's hardware-based definition. Notably, Agadia argued before the Board that its proposed definition of "hub" refers to hardware devices that "don't have any software associated with it." *Decision*, 2023 WL 2988198, at *7 (citations omitted). The Board evaluated the proposed definitions in the context of Agadia's custom *software* services and chose a different definition instead of Agadia's proposed hardware-based definition. In doing so, the Board properly evaluated the term "hub" in relation to Agadia's software services. Agadia appears to conflate its services, software customization, with computers generally, and thus hardware. The Board was not legally required to adopt a hardware or computer-based definition, but instead, needed to evaluate the meaning of the term "hub" in light of Agadia's software customization services. *Bayer*, 488 F.3d at 963–64. And that is what the Board did. At best, Agadia's proposed definition is an alternate reasonable conclusion. The Board's decision to adopt one reasonable conclusion over another must be sustained as supported by substantial evidence. *In re Viterra Inc.*, 671 F.3d 1358, 1361 (Fed. Cir. 2012).

## CONCLUSION

We have considered Agadia's remaining arguments and find them unpersuasive. For the reasons stated, we affirm the Board's decision.

## AFFIRMED

### COSTS

Costs against Agadia.